MICHAEL EDWARD WHITE and MICHELLE ELIZABETH
WHITE by: n/f. GRACE WHITE

*v.*

WHITEWAY PHARMACY, INC. and
LIBERTY MUTUAL INSURANCE CO.

360 S.W.2d 12.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

William A. McTighe, Memphis, for appellants.

James R. Winchester, Winchester & Winchester, Memphis, for appellees.

Mr. Justice White delivered the opinion of the Court.

The petitioners, the minor children and the dependents of Jean Evelyn White Pride filed their petition in the Chancery Court of Shelby County, seeking to recover benefits under the Tennessee Workmen's Compensation Act, which they claim accrued to them as the result of the death of their mother while at work for the defendant Whiteway Pharmacy, Inc. The Liberty Mutual Insurance Company is the insurance carrier for its codefendant Whiteway Pharmacy, Inc.

After hearing all of the evidence in the case the Chancellor wrote a full and exhaustive memorandum and said in part as follows:

"Before there can be a recovery under the Workmen's Compensation Act it is necessary that the injury or death arise out of and during the course of employment of the employee. The terms 'arising out of' and 'in the course of' employment are not synony-

mous. An employee may suffer an injury during the course of his employment but at the same time it does not necessarily follow that the injury arose out of and in the course of his employment * *.

"An injury is received 'in the course of' employment when it comes while the workman is doing the duty which he is employed to perform. It arises 'out of' the employment when it is apparent to the rational mind and upon consideration of all of the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by reasonable persons familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment, but it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

T.C.A. sec. 50-902(d) states:

" 'Injury' and 'personal injury,' shall mean any injury by accident arising out of and in the course of employment * * *."

The Chancellor held under the facts presented in this case that the deceased suffered an accidental injury during the course of her employment but said injury did not arise out of her employment.

The facts upon which the trial court based its decision as disclosed by the record are that Jean Evelyn White Pride was the mother of the petitioners herein and was the wife of Tim Pride, both of whom had been employees of Whiteway Pharmacy. However, in December, 1958, Tim Pride was discharged from said employment. Jean Pride continued to work for said defendant and was so employed and at work on July 15, 1959, when her husband, Tim Pride, stabbed and killed her.

According to the proof the deceased and her husband had separated as a result of his relations with another woman, whose child he had allegedly fathered. He accused her of disloyalty and said that on July 14, 1959, he found her in company of another man and that on the following morning he went to her place of employment and stabbed her to death with a butcher knife. He went into the Whiteway Pharmacy on the morning of July 15, 1959, at about 8:00 o'clock and was temporarily detained by the owner of the Pharmacy. However, the telephone rang and when the owner was answering the phone he, Tim Pride, proceeded to the basement of the Pharmacy where the deceased was working to discuss her conduct about running around with another man.

The testimony of Tim Pride is:

"She (Jean Pride) came home on Tuesday night July 14th at about 2:00 or 2:30 and she saw me and she got in the car and left. I ordered a cab and I just

got up and left too. The next morning I went down to the store and as I stepped in the store, Dr. Lubin said he wanted to see me and I told him all right and about that time the telephone rang and I went on down in the basement and I was down there about ten or fifteen minutes. I asked her for some money.''

''Q. Now, when you asked her, you mean your wife?

''A. My wife, yes sir. I asked her for some money and she said she didn't have it. I asked her what she do with it and she said she lent it to her man.

''Q. Lent it to her man?

''A. Yes sir.

''Q. All right, then what happened?

''A. That was it.

''Q. Was that when you became angry and stabbed her?

''A. Yes sir.''

Pride also testified that no one connected with Whiteway Pharmacy knew about her running around with other men as far as he knew and that no one at the Pharmacy as far as he knew, knew that they were having any domestic difficulties.

■ We believe the Chancellor was correct in holding that the death of this employee did not arise out of her employment. While it is true that she was killed by her husband at her place of employment and during the course thereof, there is absolutely nothing in the record to show that her death arose out of her employment. Her death was the result of domestic difficulties with her husband,

each accusing the other of disloyalty, and it was a result of this family argument and disagreement that the deceased lost her life. She was not stabbed because of any hazard or peril of her employment but solely because of the action of an angry and enraged husband. This injury could have been inflicted at her home or at the home of a neighbor or upon the street or at any other place where the husband could have found a suitable weapon to bring about his wife's death. We do not think it significant that the murder weapon belonged to the employer. The fact that she lost her life in her employer's place of business was merely a coincidence. It was in no way connected with or resulted from her employment.

We have carefully reviewed all of the authorities upon this general subject and in all of them where a recovery has been allowed for an injury received at the hands of another the injury has had some connection with the place of employment, the working conditions of the employment, etc. We have been unable to find any case allowing a recovery where the injury received was the result of personal feelings and animosity existing between two people as the result of a disagreement about a matter purely personal to them and unrelated to the employment of the injured party.

It is a well settled principle of law in this State that in a Workmen's Compensation Case findings of fact of the trial court will not be disturbed on appeal if supported by any material evidence and this is true even though the preponderance of the evidence is against the finding of the trial court. *Vester Gas Range & Mfg. Co. v. Leonard,* 148 Tenn. 665, 257 S.W. 395; *Brady v. Reed,* 186 Tenn. 556, 212 S.W.2d 378; *Graybeal v. Smith,* 189 Tenn. 412, 225 S.W.2d 556.

■ It must be remembered that the burden rests upon the employee to show a causal connection between his injury and his employment, but by ''causal connection'' is not meant ''proximate cause'' as used in the law of negligence, but causal in the sense that the accident has its origin in the hazards to which the employment exposed the employee while doing his work. *Tapp v. Tapp.* 192 Tenn. 1, 236 S.W.2d 977.

■ There must be a causal connection between a workman's accidental injury and his death and the nature of his employment.. *McCann Steel Co. v. Carney,* 192 Tenn. 94, 237 S.W.2d 942.

For the reasons set out in this opinion all the assignments of error are overruled and the action of the trial court in dismissing this petition is affirmed.