**William BRADFORD, Plaintiff in Error,**

**v.**

**CONTROL DATA PRINTING COMPANY and Travelers Insurance Company, Defendants in Error.**

Supreme Court of Tennessee.

Aug. 6, 1973.

Thomas O. H. Smith, Sr., James W. Ransom, Nashville, for plaintiff in error.

Fred E. Cowden, Jr., Glasgow, Adams & Taylor, Nashville, for defendants in error.

OPINION

CHATTIN, Justice.

This is an appeal by plaintiff in the lower court, William Bradford, from an adverse judgment of the trial judge denying workmen's compensation benefits for which he sued.

Plaintiff insists there is no material evidence to support the finding of the trial judge he suffered no permanent disability as a result of his accident.

It is undisputed plaintiff injured his back on June 19, 1971, while at work and in the act of lifting a roll of paper weigh-

ing approximately two hundred pounds. As a result of the injury, plaintiff was paid temporary total disability benefits to his body as a whole until he returned to his job in July or August, 1971.

Although plaintiff admitted after returning to work, he worked his regular shift as well as overtime until December 3, 1971; he contends he was unable to perform his previous duties and only did light work. He admitted he received his regular wages.

Defendant closed its operations on December 3, 1971.

Plaintiff contends he was unable to work from December 3, 1971, until the date of trial on November 20, 1972.

He testified that after the plant was closed his injury worsened until some time in February, 1972, when severe pain radiated into his left leg to his ankle; and that as a result he had become totally and permanently disabled.

Plaintiff's wife and another lady corroborated plaintiff's testimony as to the extent of his injury.

Plaintiff offered no medical testimony to support his claim of permanent disability, although the record shows he had been examined and treated by four medical doctors.

The trial judge, in dismissing the suit, said:

"I don't see any escape from the conclusion, by inference, if no other reason, that the man's acceptance of his regular pay for the period for which they paid him temporary total disability, and after he returned to work on August 19, to December 3, I cannot indulge in any belief that they paid him just for being there without working.

"So, the presumption is he did work, and there is no supporting medical testimony, supporting his claim that he was physically disabled, incapacitated to work, after _ _ _ the company went out of business, closed its office here December 3. So, let the petition be dismissed."

The extent and degree of disability, if any, under the Workmen's Compensation Act has since its inception been recognized by this Court as a question of fact to be determined by the trial court, which, if supported by any material evidence, will be binding upon this Court.

"It is a well settled principle of law in this State that in a Workmen's Compensation Case findings of fact of the trial court will not be disturbed on appeal if supported by any material evidence and this is true even though the preponderance of the evidence is against the finding of the trial court." White v. Whiteway Pharmacy, 210 Tenn. 449, 360 S.W. 2d 12 (1962).

The trial judge gave his reasons for finding plaintiff was not disabled to work to any degree after returning to his regular work. Those reasons are supported by material evidence. It is apparent the trial judge did not believe plaintiff's testimony he was only able to do light work after returning to his job.

Finally, plaintiff asks this Court to remand the case with leave to the plaintiff to produce medical evidence in support of his claim under authority of T.C.A. Section 27–329.

Obviously, being unable to offer factual justification for such action on our part, Counsel for plaintiff relies, as authority for the proposition the case should be remanded on the case of Floyd v. Tennessee Dickel Distilling Co., 225 Tenn. 65, 463 S. W.2d 684 (1971).

In the Floyd case, as in this case, no medical testimony was offered on the issue of permanency of the disability and this Court remanded the case. However, the two cases are otherwise factually distinguishable. In the Floyd case, the trial court found that plaintiff suffered a disability. Since the trial court properly found the plaintiff suffered disability but

**102**

erroneously found the disability to be permanent without medical proof, this Court remanded for additional proof.

In this case, the trial judge found plaintiff had not suffered a disability other than the temporary total disability for which he was paid prior to returning to work. What is significant in this case is the trial judge found no disability other than the disability for which he was paid; not just no permanent disability.

 A disability caused by a work related injury may be made on the basis of lay testimony. Plaintiff attempted to establish he suffered a disability other than the disability for which he was paid by lay testimony. The trial judge held the testimony insufficient. Should we remand the case, we would be giving plaintiff an opportunity to relitigate an issue which was resolved against him. T.C.A. Section 27–329 was not intended to serve such a purpose.

The judgment of the trial court is affirmed.

DYER, C. J., and HUMPHREYS, McCANLESS and FONES, JJ., concur.