**William BLAKE, Appellee,**

v.

**John TOMES, d/b/a Eastgate Apartments and St. Paul Fire and Marine Insurance Company, Appellants.**

Supreme Court of Tennessee.

May 17, 1982.

William C. Moody, Nashville, for appellants.

James F. Conley, Tullahoma, for appellee.

OPINION

FONES, Justice.

This is a workers' compensation case in which plaintiff slipped on an icy sidewalk while in the performance of his duties and injured his neck, back and shoulder. The chancellor awarded temporary total disability, medical expense and forty percent permanent partial disability to the body as a whole. Defendant insists on appeal that there was no material evidence to support the award of forty percent permanent partial disability and no material evidence to support the chancellor's finding that plaintiff's average weekly wage was the federal minimum wage rate for a forty hour week. We affirm the disability award and reverse the average weekly wage award.

At the time of the injury, plaintiff was forty years old, with a ninth grade education and worked part-time as a security guard for the East Gate Apartments, where he and his family lived. He also did occasional maintenance work, when the regular maintenance man was not available. Plaintiff had a full-time job with another employer, at all times relevant to this case.

Following plaintiff's accident, he was treated by a Dr. Koshman and Dr. Lowery. Dr. Koshman testified that plaintiff had suffered a fifteen percent permanent partial disability. Plaintiff testified that he suffered from headaches, continuous pain and weakness, inability to lift and hold objects, and unnatural fatigue from normal work. As a result of all the testimony, the chancellor awarded plaintiff a forty percent permanent partial disability to the body as a whole.

■ Defendant contends that no material evidence exists upon which the chancellor could award this forty percent permanent partial disability.

In a workmen's compensation case, where the issue on appeal is basically one of fact, this court does not weigh evidence, nor decide the credibility of witnesses. Those are issues for the trial judge. Our review is limited to a determination of whether there is any material evidence in the record to support the trial judge's findings. If there is, we are bound to accept them. [citations omitted.]

*Liberty Mutual Ins. Co. v. Taylor*, 590 S.W.2d 920, 922 (Tenn.1979).

The record in this case is replete with both medical and lay testimony describing the injury, and consequently we find material evidence to support the trial court's forty percent permanent partial disability award, for the *"extent and degree* of disability" is a determination of the trial court and is binding upon us. (Emphasis added.) *Harris v. Kroger Company, Inc.*, 567 S.W.2d 161, 163 (Tenn.1978), citing *Bradford v. Control Data Printing Co.*, 498 S.W.2d 100 (Tenn.1973).

■ We now turn to a review of the trial court's determination of plaintiff's average weekly wage for computation of the award for permanent partial disability.

The chancellor made these comments in finding plaintiff's average weekly wage to be three dollars per hour for a forty hour week:

I don't think the figures that you gentlement have given me would more than support the fact he is making minimum wage.

I have sat here and calculated every which way that I could. It would be a violation of the law for these people to hire him less than three dollars an hour.

The evidence showed that plaintiff was required to live on defendant's premises in an apartment in a government assisted housing complex. Defendant paid plaintiff a check in the amount of seventy-four dollars per month. This check was immediately turned over to defendant by plaintiff in payment of his apartment rent. Plaintiff testified that the apartment he and his family occupied rented for two hundred thirty dollars which figure included the government subsidy. Plaintiff also testified that he received from defendant twenty dollars per month to apply on his utilities, eleven dollars per month to apply on his telephone bill, and approximately seven hundred to one thousand dollars per year for performing additional "odd" jobs around the complex including maintenance and driving duties.

"A computation of the average weekly wage of a part time employee, such as plaintiff, must be based upon his actual part time earnings rather than upon the basis of the standard hourly wage or the standard work week of 40 hours. The average weekly wage of a part time employee is found by dividing the total wages received during the year by the number of weeks during which the employee received wages." *McKinney v. Feldspar Corp.*, 612 S.W.2d 157, 160 (Tenn.1981).

The rationale behind *McKinney* is that T.C.A. § 50–1007 has set forth a maximum "ceiling" and "floor" above and below which compensation payments may not fall. The error committed in the present case was that no material evidence existed in the record for finding a 40 hour work week at the minimum wage of three dollars per hour. Thus, the trial court's judgment effectively set a new "floor" in compensation benefits abrogating the statutory provisions of T.C.A. § 50–1007, a result we cannot affirm.

Plaintiff's earnings include anything received by him under the terms of his employment contract from which he realizes economic gain. *P & L Construction Co. v. Lankford*, 559 S.W.2d 793 (Tenn.1978). But the value of a federal government housing subsidy cannot be used to compute earnings received from a private employer. Eligibility for the government housing subsidy received by plaintiff was not shown to be predicated upon an equivalent value in services rendered by plaintiff for defendant. The maximum this record reveals that plaintiff received in earnings from defendant was one hundred five dollars per month ($74 + $20 + 11) for security work, plus one thousand dollars per annum for part time maintenance work, which results in average weekly earnings of $43.07. Plaintiff is entitled to statutory weekly compensation payments at the rate of two-thirds of that sum.

The decree of the Chancery Court of Coffee County is affirmed in part and reversed in part and this cause is remanded to that Court for the entry and enforcement of a decree awarding compensation consistent with this opinion. Costs of this appeal are adjudged against defendant.

HARBISON, C. J., and COOPER, BROCK, DROWOTA, JJ., concur.