Thomas A. BEASLEY,
Plaintiff-Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY CO.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 21, 1985.

Eugene B. Dixon, Maryville, for plaintiff-appellant.

Joe Nicholson, Maryville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

In this Workers' Compensation appeal the determinative issue is whether the Plaintiff's failure to disclose a pre-existing back injury bars recovery under the Workers' Compensation Law. The trial court denied Plaintiff's claim based on its findings that the Plaintiff had knowingly and wilfully misrepresented his physical condition to Defendant's insured, who relied upon Plaintiff's representations, and that a causal relation existed between the condition misrepresented and the injury sustained by the Plaintiff.

The Plaintiff, Thomas Beasley, applied for employment with EMJ Corporation, a construction company insured by Defendant, and in completing the job application form, he answered "no" to a question regarding whether he had had any history of "back sprain or pain." Plaintiff authenticated his signature on the form, dated January 10, 1983, certifying the truth of the information supplied. On the basis of this information, EMJ hired the Plaintiff to perform general custodial duties during construction of the Foothills Mall in Blount County. This job required Plaintiff to do work likely to aggravate pre-existing back problems, such as repeated bending, lifting, and twisting. EMJ had no reason to know that approximately five years earlier Plaintiff had fallen 10–12 feet from a crane while serving in the Navy. This fall damaged the lumbar area of his spine, resulting in intermittent recurrences of pain one to two times a year and occasionally restricting his activities. Following an honorable discharge from the Navy, Plaintiff was also allowed a medical discharge from the Naval Reserve due to the disability created by his back injury. Plaintiff testified that he felt he had recovered sufficiently from his back injury because he had worked at several jobs requiring repeated lifting without incidence, including loading bales of hay as a farm hand. Nevertheless, on January 20 or 21, 1983, while pulling a loaded wooden crate outside, Plaintiff slipped on some ice but was able to prevent himself from falling; however, he injured his back so severely that he required treatment at Blount Memorial Hospital Emergency Room, where he went after notifying EMJ of his injury. Thereafter, he was unable to work for about two weeks, for which he received temporary benefits, and then was able to return to work for several days. Upon returning to EMJ, Plaintiff again experienced an incident of severe back pain while sweeping, necessitating another visit to the emergency room. Subsequently, Plaintiff ceased his employment with EMJ when the Company completed its work on the Foothills Mall; he then obtained a job with CBL & Associates as a mall custodian, during which employment he had other recurrences of lower back pain. These incidents have increased in frequency to the point that Plaintiff now claims they are nearly constant and he can no longer work. Accordingly, Plaintiff is seeking recovery of Workers' Compensation benefits for permanent total disability to his body as a whole.

■ In the trial court, Defendant raised the defense of Plaintiff's misrepresentation of his physical condition on his employment application form. The law of employee misrepresentation has been amply amplified by this Court in previous decisions. See, e.g., Pickett v. Chattanooga Convalescent & Nursing Home, Inc., 627 S.W.2d 941 (Tenn.1982); Anderson v. Chattanooga General Services Co., 631 S.W.2d 380 (Tenn.1981); Liberty Mutual Ins. Co. v. Taylor, 590 S.W.2d 920 (Tenn.1979); Quaker Oats Co. v. Smith, 574 S.W.2d 45 (Tenn. 1978); Federal Copper & Aluminum Co. v. Dickey, 493 S.W.2d 463 (Tenn.1973). These cases provide that for a misrepresentation in an employee's application to bar

recovery of benefits, three factors must be found: (1) the employee must knowingly and wilfully make a false representation of his physical condition; (2) the employer must rely upon the false representation and the reliance must be a substantial factor in the decision to hire; and (3) a causal connection must exist between the false representation and the injury suffered by the employee. All three factors are required to bar recovery. If any material evidence in the record supports the judgment of the trial court, then this Court must affirm the decision below. *See, e.g., White v. Whiteway Pharmacy, Inc.*, 210 Tenn. 449, 360 S.W.2d 12 (1962); *General Shale Products Corp. v. Casey*, 202 Tenn. 219, 303 S.W.2d 736 (1957). We now consider the issue of whether any material evidence exists in the record to support the trial court's findings as to each of these factors.

■ When Plaintiff filled out the application form on January 10, 1983, he knew that he had a previous history of lower back problems dating from his fall in the Navy. He also knew that he had been medically discharged from the Naval Reserve for this reason. He admitted that his back had caused him intermittent episodes of pain about one to two times a year. The deposition of Doctor W.K. Bell, an orthopedic surgeon, revealed that prior to his application and as recently as November 1982, Plaintiff had sought treatment of his back problems through the Veterans Administration. Dr. Bell's records indicated a history of lower back problems, including a letter to Plaintiff's attorney stating that Plaintiff had "had problems of this nature for quite some time dating back to at least 1979 . . . ." Although Plaintiff contends that he did not intentionally misrepresent his physical condition because he believed he had recovered sufficiently and had never been specifically told that his condition was a "sprain," Plaintiff's response to the question on his application as to whether he had any "back sprain or pain" was an unqualified "no." Certainly Plaintiff knew he had at least experienced "back pain." Despite Plaintiff's testimony that he did not fully understand this question, the application form also requested that the applicant list any other "illness"; thus, while the Plaintiff may have believed he never had back sprain, his previous injury fit into at least one of EMJ's categories of requested health information. Accordingly, material evidence exists to support the finding of the trial court regarding the first factor of a knowingly and wilfully made misrepresentation of physical condition. *See Anderson v. Chattanooga General Services Co.*, supra.

■ Although some dispute exists in the record concerning Plaintiff's date of employment, a representative of EMJ testified that the employment application is a prerequisite to hiring and that EMJ's policy is that no person with a history of back problems would be employed because of the nature of EMJ's business as a construction firm. This Court does not determine the credibility of witnesses. *General Shale Products Corp. v. Casey*, supra. Moreover, EMJ's one page application form is short and designed to elicit only two types of information: (1) basic personal statistics (age, address, education, tax status, etc.) and (2) the physical condition of the applicant. Since EMJ does not subject potential employees to a physical examination and given the nature of its business, the company ordinarily relies upon the representations of the applicants in making its hiring decisions; furthermore, the applicant certifies that the information provided "on Health and Dependents Is True and Complete." At 26 years old, Plaintiff, a high school graduate, may reasonably be expected to realize the meaning of such a certification when he signs it. While an employer takes the employee as he finds him, an employer is not required to assume the risk of aggravating a pre-existing injury unless either some notice of the condition is given by the applicant to enable the employer to make an informed hiring decision, or the employer does not rely upon the employee's representations. *Cf. Pickett v. Chattanooga Convalescent & Nursing Home, Inc.*, supra; *Harlan v. McClel-*

lan, 572 S.W.2d 641 (Tenn.1978); *Quaker Oats Co. v. Smith,* supra; *Swift & Co. v. Howard,* 186 Tenn. 584, 212 S.W.2d 388 (1948). *See Laminite Plastics Mfg. Co. v. Greene,* 561 S.W.2d 458 (Tenn.1978). Clearly, material evidence in the record supports the trial court's findings as to the second factor that the employer relied upon the employee's misrepresentation and that this reliance was a substantial factor in the hiring decision. "The reliance element is established where the employee would not have been hired without the deception." *Foster v. Esis, Inc.,* 563 S.W.2d 180, 183 (Tenn.1978) (citation omitted).

■ The only remaining factor of the three-pronged test is the causal relation or connection between the false representation and the injury. The causal relation must be shown by expert testimony, except in the most obvious cases. *Pickett v. Chattanooga Convalescent & Nursing Home, Inc.,* supra; *Quaker Oats Co. v. Smith,* supra. This testimony need not, however, be in direct response to an examination of an expert concerning the causal relation, but rather it need only be some expert testimony elicited in the course of proof as to the nature of the pre-existing injury and the claimant's current injury such as to allow an inference of a causal connection. *Foster v. Esis, Inc.,* supra, at 183. *See also Knoxville Poultry & Egg Co., Inc. v. Robinson,* 224 Tenn. 124, 451 S.W.2d 675 (1970). As this Court has stated previously:

> The causal connection required is a factual showing that the injury upon which the Workmen's Compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer.

*Quaker Oats Co. v. Smith,* supra, at 49.

■ Not only did the injury presently complained of by Plaintiff occur in the same area of his back that had been injured in the Navy, but Dr. Bell testified in his deposition that Plaintiff had been treated for his back injury in the Veterans Administration Clinic in Nashville on a relatively regular basis as well as coming to the Maryville Orthopaedic Clinic at least once before applying for a job with EMJ. Dr. Bell also testified that the November 1982 x-rays he saw had been taken at the Veterans Hospital and showed the lumbar area of Plaintiff's back. Plaintiff's own description of his pain matched the area of his back that had been injured while he was in the Navy. *Cf. American Enka Corp. v. Sutton,* 216 Tenn. 228, 391 S.W.2d 643 (1965) (lay witness competent to testify as to the location of pain and symptoms). Evidently, this previous injury predisposed Plaintiff to the type of injury he suffered while at EMJ, especially considering the kind of work involved. Such a predisposition has been found to establish a causal connection in at least two workers' compensation cases involving similar back injuries. *See Anderson v. Chattanooga General Services Co.,* supra, at 381; *Foster v. Esis, Inc.,* supra, at 183. Material evidence exists in this record to support the trial court's findings on the third factor of a causal connection between the concealed condition and the injury for which benefits are now being sought.

Finally, Defendant urges this Court to find that Plaintiff has brought a frivolous appeal. We do not believe that this case demonstrates any abuse of the right to appeal in Workers' Compensation cases and do not so hold. *Cf. Liberty Mutual Ins. Co. v. Taylor,* supra. The Legislature has provided for direct appeal to this Court under T.C.A. § 50–6–225(e)(1983), and given the remedial nature of this statutory scheme, we believe that the Plaintiff has properly exercised his right to appeal.

The judgment of the trial court denying benefits to Plaintiff is supported by material evidence, and is accordingly affirmed. Costs are taxed to the Plaintiff-Appellant.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.