James A. ROWLAND,
Plaintiff–Appellant,

v.

CARRIERS INSURANCE COMPANY
and Producers Transport Company,
Defendants–Appellees.

Supreme Court of Tennessee,
at Nashville.

Aug. 31, 1987.

D.C. Daniel, Jr., Murfreesboro, for plaintiff-appellant.

H. Richard Marcus, Fleissner, Cooper & Marcus, Chattanooga, Christopher H. Steger, Fleissner, Cooper & Marcus, Chattanooga, for defendants-appellees.

OPINION

DROWOTA, Justice.

This Workers' Compensation appeal involves the issue of whether Plaintiff, James A. Rowland, is barred from recovering benefits from Defendants, Carriers Insurance Company and Producers Transport Company, because of material misrepresentations about his physical condition on his application for employment. The law on this issue is firmly established and the determinative question on appeal is simply whether any material evidence supports the decision of the trial court.[1] The trial court found that Plaintiff had wilfully and knowingly made false representations of his physical condition to Defendants, that Defendants had relied upon these representations as a substantial factor in the decision to hire, and that a causal connection existed between the representations and the Plaintiff's injury.

The Plaintiff in this case has an extensive history of back problems dating from 1966, when he injured his back in a work-related accident in Pennsylvania. His first lumbar laminectomy (at L–4 and L–5) resulted from this incident. He received Workers' Compensation for this injury and was rated as retaining a 15 percent permanent partial disability to the body as a whole. In 1967, Plaintiff strained his back while lifting a case of explosives at work. Again in 1968, he experienced problems with his lower back and was hospitalized for treatment. In 1969, he was in an automobile accident, injuring his back still another time. He sustained another work-related injury to his back in 1970; later the same year, he experienced another injury to his back. Throughout this period, after returning to Tennessee from Pennsylvania,

---

1. Plaintiff's injury occurred on January 4, 1983, and this suit was filed on November 1, 1983, and thus the case is clearly controlled by the material evidence rule. *See Alley v. Consolidation Coal Co.,* 699 S.W.2d 147, 149 (Tenn.1985).

Plaintiff was under the care of Dr. Eugene Regen.

Following 1971, Plaintiff did not experience significant back problems and found that his condition was improving. He was able to resume work as an over-the-road truck driver without much difficulty for the next ten years. On May 26, 1981, however, he was unfortunately involved in another automobile accident in which his car was struck from the rear, resulting in an injury to his back. A second lumbar laminectomy was required, again in the L–4 and L–5 area of his spine. This surgery was performed by Dr. E. Ray Lowery on September 30, 1981. Plaintiff was eventually released from Dr. Lowery's care in April, 1982, with a 20 percent permanent partial disability to the body as a whole. In June, 1982, Plaintiff was awarded damages in a personal injury lawsuit arising out of the May, 1981, accident.

Four months later, on October 18, 1982, Plaintiff applied to work as a driver for Defendant, Producers Transport. On the application form, he answered "none" in response to a question asking whether he had any physical limitations. He omitted any response to whether he had ever been injured on the job and omitted responses to if and when he had ever received any Workers' Compensation benefits. On that section of the form requesting the applicant to list any vehicle accidents in which he had been involved, Plaintiff listed only one in 1980. He signed the application form, certifying "that all entries ... and information ... are true and complete to the best of [his] knowledge." Defendant then sent Plaintiff to a company physician for a routine physical examination required by Department of Transportation regulations. Dr. E.C. Barker examined Plaintiff and filled out a standardized examination form used for this purpose. A substantial portion of this examination consisted of taking a history from the Plaintiff concerning certain physical limitations or conditions that could prevent a person from driving a truck safely. In response to Dr. Barker's inquiry about whether he had any head or spinal injuries, Plaintiff acknowledged that he had injured his back in 1966 but stated that he had not had any problems with that injury following his recovery from his 1966 surgery. Plaintiff also stated that he had no permanent defect from any injury. Dr. Barker completed his examination and certified Plaintiff to drive; he was hired by Defendant.

Plaintiff was able to work without incident until January 4, 1983, when he drove a load of dry cement to Georgia. While removing a covering tarpaulin, which apparently weighed over a hundred pounds and was also coated with ice, he experienced severe pain in his lower back. After recovering sufficiently to be able to make the return trip to Nashville, Plaintiff drove the truck back to Defendant's terminal. He had reported the injury to the terminal manager by telephone before making the return trip to Nashville. Initially, the Workers' Compensation insurer paid several weeks of temporary total disability benefits but subsequently terminated these payments when Plaintiff's undisclosed, pre-existing back condition was discovered. This suit was eventually commenced by Plaintiff to recover Workers' Compensation benefits. In the interim between the accident and the trial of this action, Plaintiff underwent a third laminectomy (at L–4 and L–5) and eventually had a fourth operation in which a spinal fusion of this region of the spine was performed.

The trial of this case was conducted on May 12, 1986. Defendants raised the affirmative defense of misrepresentation of the employee's physical condition. Plaintiff's credibility was a central issue at trial. In its opinion, filed July 31, 1986, the trial court determined that Defendants had established the required factors for their defense, precluding recovery of benefits by Plaintiff. The trial court recited Plaintiff's long history of back problems, noting that he had sought employment in 1982 as a driver but had not been hired because he had disclosed his back condition on the application form, and concluded that Plain-

tiff had wilfully and knowingly failed to disclose his medical history to Defendants and to Dr. Barker in order to obtain employment.[2] The trial court then dismissed the Plaintiff's suit. Judgment was entered on August 14, 1986, and Notice of Appeal was timely filed.

On appeal, Plaintiff has raised a number of issues that we do not find necessary to address because the record in this case contains sufficient material evidence to support the decision of the trial court. As this Court stated in the most recently reported decision on this issue, *Beasley v. United States Fidelity and Guaranty Co.*, 699 S.W.2d 143, 144–145 (Tenn.1985):

> "[The] cases provide that for a misrepresentation in an employee's application to bar recovery of benefits, three factors must be found: (1) the employee must knowingly and wilfully make a false representation of his physical condition; (2) the employer must rely upon the false representation and the reliance must be a substantial factor in the decision to hire; and (3) a causal connection must exist between the false representation and the injury suffered by the employee. All three factors are required to bar recovery."

As to the first factor, the evidence previously summarized demonstrates that Plaintiff was fully aware of the extent and nature of his injury to his back and that he failed to disclose this condition as requested on the application. Plaintiff's reasons for this omission were not accepted by the trial court. His credibility was hotly contested and the trial court concluded that his testimony could not be credited. This Court cannot now redetermine this issue. *See, e.g., Liberty Mutual Insurance Co. v. Taylor*, 590 S.W.2d 920, 922 (Tenn.1979). Although Plaintiff argues that he was improperly impeached by admission of testimony from his 1982 personal injury trial, sufficient independent evidence exists on this record to support the trial court's conclusion that Defendants had proven the first required factor.

Plaintiff next argues that because he was examined and certified as fit to work by Dr. Barker, Defendants did not rely upon his representations of his physical condition but rather relied upon Dr. Barker's examination in making the decision to hire him. According to Plaintiff, this examination was cursory and inadequate and thus the failure to discover Plaintiff's condition was not due to his concealment but to Dr. Barker's failure to take an adequate history or to conduct a thorough examination. This Court did state in *Quaker Oats Co. v. Smith*, 574 S.W.2d 45, 49 (Tenn. 1978), that

> "[t]here is evidence that appellee was required to undergo a pre-employment physical examination ... which revealed no 'back trouble.' This latter evidence would support a finding that Quaker Oats did not rely solely upon the medical history given by appellee in making application for employment, but relied upon the medical examination."

Whether the employer relied on the representations of an applicant is a question of fact, and in this case, the trial court specifically found that Plaintiff concealed his condition from both the employer and the company doctor. Both the employer and Dr. Barker relied upon Plaintiff's representations about his medical history. Not only was no such explicit finding present in *Quaker Oats*, but doctors commonly rely upon this history given to them by patients in evaluating their current physical condition.[3] The extent of an examination depends on its purpose and the reliability of the physician's opinion often depends, at least in part, on the accuracy of the history

---

**2.** Defendant readily conceded that while employed, Plaintiff performed his job well.

**3.** Dr. Lowery stated in his deposition in Plaintiff's 1982 personal injury action, made an exhibit to his deposition taken in this case, that he regularly depends on a patient's statements about his history and symptoms in making his diagnosis and in prescribing treatment for the patient's condition.

given by the patient. We do not think that on the facts of this case the employer is estopped by accepting the results of the physical examination because the Plaintiff failed to supply the examining physician with a complete medical history. *Cf. Liberty Mutual Insurance Co. v. Taylor, supra,* at 921 (the plaintiff failed to tell her physician of her previous injury). Moreover, Producers Transport's former Safety and Personnel Director, Jeffrey A. Trussell, testified that Plaintiff would not have been hired had he known about his recent history of back injury. As quoted in *Beasley, supra,* " '[t]he reliance element is established where the employee would not have been hired without the deception.' " 699 S.W.2d at 146 (citation omitted). The second required factor is thus adequately shown. We think that Defendants' reliance was justified under the circumstances of this case and that reliance was a substantial factor in the hiring decision. Both the facts that the employer sought information from the Plaintiff about his medical condition and that the Department of Transportation required a physical examination make it evident that the Plaintiff's physical condition was a substantial factor in the hiring decision.

The third required factor, causal connection, was undisputed by the parties and is clearly established on this record. *Cf. Beasley, supra,* at 146. We must therefore conclude, after a careful review of the extensive record made in this case, that the trial court's decision is supported by material evidence. Nevertheless, we are certainly aware of the hardship imposed upon Plaintiff and realize that economic necessity can drive people to extremes that seem justified in their own minds but that the law cannot condone. As we observed in *Beasley, supra,*

> "[w]hile an employer takes the employee as he finds him, an employer is not required to assume the risk of aggravating a pre-existing injury unless either some notice of the condition is given by the applicant to enable the employer to make an informed hiring decision, or the em-

ployer does not rely upon the employee's representations."
*Id.,* at 145.

Accordingly, we are constrained to affirm the judgment of the trial court. The costs are taxed to the Plaintiff.

HARBISON, C.J., and FONES, COOPER and BROCK, JJ., concur.