**William J. BANE, Appellee,**

v.

**DANIEL CONSTRUCTION CO., Appellant.**

Supreme Court of Tennessee,
at Knoxville.

July 16, 1990.

Ivo W. Sanders, Loudon, for appellee.

Russell D. Carroll, Knoxville, for appellant.

## OPINION

DAUGHTREY, Justice.

In this workers' compensation case, the sole issue raised on appeal is whether the trial court should have denied recovery based on the plaintiff employee's "willful and knowing misrepresentation of his physical condition" at the time of employment. The trial court ruled that the evidence failed to establish that the employee, William J. Bane, made "such material misrepresentations in his employment application so as to justify a denial of benefits." The employer, Daniel Construction Company, appeals. We find sufficient evidence in the record to sustain the trial court's judgment and affirm.

Bane had previously worked as a "rodbuster" for Daniel Construction Co., on a project located in Kentucky. In February 1983, he applied for similar work with Daniel at a construction site in South Carolina. Rodbusting involves the setting of steel reinforcing rods in concrete and thus requires heavy lifting and a strong back.

On the company's medical history form, Bane was asked to indicate whether or not he suffered from a series of 63 separate medical conditions, such as migraine headaches, cancer, blurred vision, diabetes, etc. The form is a checkoff list that fails, for the most part, to reflect whether the information sought refers to the applicant's current medical condition or to past symptoms. However, in some instances, the form is phrased either in present tense ("Are you pregnant"; "Taking diet pills"), or in the past tense ("Suffered a stroke"; "Ever had a slipped disc").

The portion of the form now in dispute is ambiguous because it is not articulated in either the past or present tense. It apparently calls upon the applicant to answer yes or no to these conditions: "Any back injuries"; "Strains of back"; "Any pulled muscles." For each of these categories, Bane responded, "No." There is no proof in the record that he was in fact experiencing any

of those conditions at the time of his employment application.

Three years earlier, in 1980, however, he had been treated for a sprain in his upper to mid-back area, on the left side of his rib cage. He was seen once by his physician and apparently recovered without further complication.

The record also shows that Bane experienced back pain in November or December of 1982. At trial, he testified that he had suffered a "muscle strain" in his upper back near his shoulder. He saw a physician about this condition but, again, apparently suffered no complications. The record fails to show that this complaint was anything more than a minor one or that it was related to Bane's subsequent low-back injury.

On April 27, 1983, while working for Daniel Construction at the South Carolina site, Bane was helping co-workers move a large steel mat when he stumbled over a piece of lumber and fell. The steel mat landed on top of him. Bane did not think he was seriously hurt at the time and stayed on the job the rest of the day. He began to experience symptoms later that night, however, including groin pain and numbness and tingling in his lower back and leg. He notified his supervisor of his condition the next day.

Back home in Tennessee over the weekend, Bane was examined by his family doctor and later hospitalized for a ruptured disc in his lower back. He did not achieve full recovery and was ultimately forced out of the construction business. The trial judge awarded medical expenses and partial disability benefits, none of which is in dispute on appeal.

What is disputed is whether the award should be barred because of material misrepresentations by Bane concerning his physical condition in February 1983. We think not. The 1980 sprain to the left side of his back was clearly temporary in nature. Bane testified that he was never told that it was the result of a "back injury," that he was not hospitalized for the sprain, and that he lost no time from work as a result of it. The 1982 back problem apparently involved only a pulled shoulder muscle.

In *Federal Copper and Aluminum Co. v. Dickey*, 493 S.W.2d 463 (Tenn.1973), we established a three-part test for determining when false medical information will bar recovery under the workers' compensation statute. In order to prevail, the employer must show (1) that the employee knowingly and willfully made a false representation of his physical condition; (2) that the employer relied on the false representation and that this reliance was a substantial factor in the decision to hire; and (3) that there is a causal connection between the false representation and the injury subsequently suffered by the employee. *Id.* at 465. In this case, the proof fails on all three counts.

As to the first prong, there is no evidence of intentional misrepresentation by Bane, given the altogether ambiguous nature of the medical form involved. Moreover, as to the second prong, the trial court correctly ruled that any misrepresentation involved was not shown to be material. Finally, there is insufficient evidence of any causal relationship between the earlier back sprains and the ruptured disc Bane suffered in April 1983. Bane's physician did say, on cross-examination, that "any time you've had a soft tissue injury ... it makes the back more subject to injury, it weakens [the back]." The company insists that this testimony is sufficient to satisfy the causal relationship standard articulated in *Beasley v. U.S. Fidelity & Guaranty Co.*, 699 S.W.2d 143 (Tenn.1985). There, we noted that to establish a causal relationship, "testimony need not be in direct response to an examination of an expert concerning the causal relation, but rather it need only be some expert testimony elicited in the course of proof as to the nature of the pre-existing injury and the claimant's current injury such as to allow an inference of a causal connection." *Id.* at 146.

The language in *Beasley* notwithstanding, we conclude that beyond the physician's off-hand comment, there was no testimony to connect the previous muscle

sprains or pulls in Bane's upper back to the later rupture of the disc in his lower back. To hold that there was such a causal relationship in this case would be a matter not of inference but of sheer speculation.

We further conclude that the employer has wholly failed to meet its burden under *Federal Copper & Aluminum Co., supra.* Moreover, there is material evidence in the record to support the trial court's judgment. It is, therefore, affirmed.

DROWOTA, C.J., and FONES, COOPER and O'BRIEN, JJ., concur.