FILED

January 12, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 7:59 AM



## COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

EMPLOYEE: LAURA NELSON      DOCKET #: 2014-02-0012

     STATE FILE #: 74906-2014

EMPLOYER: GPM INVESTMENTS      DATE OF INJURY: 08/30/2014

INSURANCE CARRIER: PMA COMPANIES

### EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by GPM Investments (Employer) pursuant to Tennessee Code Annotated section 50-6-239. Employer, at the hearing on the matter, requested an on the record determination pursuant to Rule 0800-02-21-.14(1)(c) of the Tennessee Comprehensive Rules and Regulations. Upon review of Employer's request for expedited hearing filed November 25, 2014, and the entirety of the claim file, and in consideration of the applicable law, the Court finds that no additional information is needed to decide Employer's request that Laura Nelson (Employee) has failed to prove her alleged injury arose primarily in the course and scope of her employment.

### ANALYSIS

#### Issue

Whether there is sufficient evidence in the file to prove that Employee was injured primarily in the course and scope of her employment.

#### Evidence Submitted

The Court reviewed the entire case file in reaching its decision. Specifically, the Court reviewed and relied upon the following:

1. Employer's Request for Expedited Hearing with attached Brief
2. Dispute Certification Notice
3. Employee's Petition for Benefits Determination
4. Affidavit of Yolanda Crenshaw, Senior Account Representative PMA Companies
5. Employee's Recorded Statement of September 3, 2014
6. First Report of Injury

1

7. Notice of Denial
8. Employee's written statement at time of the injury
9. Co-workers written statements
10. Panels of Physicians
11. Employee's refusal of medical treatment
12. Claiborne County Hospital Records

## History of Claim

The pertinent claim history provided below is derived entirely from the claim file:

Employee worked for Employer as an assistant manager. On August 30, 2014, Employee took a smoke break with co-workers. While outside, Employee was approached by the daughter of a former co-worker. The woman accused Employee of talking about the woman's husband. The woman walked back to her car saying she was going to go to the police about Employee's husband. Employee told the woman to "go ahead, 'cause [sic] you, I mean, we don't do anything wrong." In response to Employee's retort, the woman came running toward Employee and pushed her down. Employee fell backwards injuring her hands and back.

Employee reported the matter to Employer and the police. Employer took Employee's and other witnesses statements. The statements were consistent as to the events that occurred. Employee quit her job on the date of injury. She sought emergency medical treatment on her own at Claiborne County Hospital.

Employee provided a recorded statement for Employer's workers' compensation carrier on September 3, 2014. The carrier denied the claim on September 5, 2014, based on an altercation at work involving a love triangle.

Employee filed a Petition for Benefits Determination on September 22, 2014, seeking medical benefits. The parties did not reach an agreement during mediation and a Dispute Certification Notice was filed on November 14, 2014. Employer filed a Request for Expedited Hearing on November 25, 2014. An Expedited Hearing was set for December 15, 2014. Employee did not appear at the hearing. The matter was reset to January 7, 2015. Employee again failed to appear for the hearing. At the start of the hearing, Employer made a motion to decide the case on the record. The Court granted the motion.

## Employer's Contentions

Employer contends that Employee has failed to present sufficient evidence to prove that her injury arose primary out of and in the course and scope of her employment. Employer contends that Employee was injured in an altercation that was personal in nature and unconnected to work other than Employee was assaulted while at work.

**Employee's Contentions**

Employee did not make any filings in response to the Notice of Expedited Hearing, but from the information contained in her Petition for Benefit Determination she assaulted by the daughter of a former disgruntled employee and that Employer had denied Employee benefits to which she was entitled.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003). In a workers' compensation action, pursuant to Tennessee Code Annotated section 50-6-239(c)(6), Employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence. Employee must show the injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13). .

*Factual Findings*

The evidence proves Employee was assaulted by a third-party; the daughter of a former co-worker. The assault was personal in nature concerning the respective women's husbands and not associated with Employee's work, except that the assault happened at work.

*Application of Law to Facts*

The issue in this case is whether there is sufficient evidence in the file to prove that Employee was injured primarily in the course and scope of her employment. To be successful on a claim for benefits, an employee must show among other things that she was injured primarily in the course and scope of employment. Tenn. Code. Ann. § 50-6-102(13).

In the course of employment refers to the time and place of occurrence. Employee was on a smoke break; however, it appears that Employer allowed its employees to have smoke breaks. The Tennessee Supreme Court has held that injuries while an employee is on an approved break happen in the course of employment. *Holder v. Wilson Sporting Goods Co.*, 723 S.W.2d 104, 107 (Tenn. 1987). Considering all the evidence in the file, Employee's injury happened in the course of her employment.

Employee, however, has failed to prove her injury arose primarily out of her employment. In this case, Employee was injured by a third-party. The assault occurred because of personal issues between the two. With respect to whether an assault arises out of employment, the Tennessee Supreme Court has previously delineated assaults into three general classifications:

3

(1) assaults with an "inherent connection" to employment such as disputes over performance, pay or termination; (2) assaults stemming from "inherently private" disputes imported into the employment setting from the claimant's domestic or private life and not exacerbated by the employment; and (3) assaults resulting from a "neutral force" such as random assaults on employees by individuals outside the employment relationship.

*Wait v. Travelers Indem. Co.*, 240 S.W.3d 220, 227 (Tenn. 2007).

This case falls under the second prong mentioned in *Wait*. It is an assault stemming from an "inherently private" dispute imported into the employment setting from Employee's domestic or private life and not exacerbated by her employment. Such cases have been held to be not compensable. *White v. Whiteway Pharm., Inc.*, 360 S.W.2d 12 (Tenn. 1962). Considering all the evidence contained in the file, Employee has failed to prove her injury arose primarily out of her employment.

Since Employee has failed to prove at this time that her injury meets the statutory definition of injury, her request for medical benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. The claim of Employee against Employer or its workers' compensation carrier for the requested medical benefits is denied on grounds of compensability at this time.

2. This matter is set for Initial Hearing on March 2, 2015, at 9:00 a.m. Eastern time.

**ENTERED this the 12th day of January 2015.**

**BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

Initial Hearing:

An Initial Hearing has been set with Judge Brian K. Addington, Court of Workers Compensation. You must call 865-594-6538 or toll free at 855-543-5044 to participate in the Initial Hearing.

Please Note: You must call in on March 2, 2015, at 9:00 a.m. Eastern time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).

4

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of January, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Laura Nelson | x | x | | | x | sharonmckinney@hotmail.com |
| M. Forrester, Esq. | | | | | x | dstarnes@allen-kopet.com |

Penny Shrum
Clerk of the Court

5