IN THE COURT OF WORKERS' COMPENSATION CLAIMS
 AT JACKSON

Chris Hardin, ) Docket No.: 2015-07-0067
 Employee, )
v. ) State File No.: 28439-2015
Dewayne's Quality Metals, )
 Employer, ) Judge Allen Phillips
And )
Accident Fund, )
 Insurance Carrier. )

 EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS AND
 DENYING TEMPORARY DISABILITY BENEFITS

 This matter came before the undersigned Workers' Compensation Judge upon the
Request for Expedited Hearing filed by the Employee, Chris Hardin, pursuant to
Tennessee Code Annotated section 50-6-239 (2014). Mr. Hardin seeks medical and
temporary disability benefits for an alleged gradual injury to both arms. The employer,
Dewayne's Quality Metals, contends that Mr. Hardin did not sustain an injury arising
primarily out of his employment. 1 For the following reasons, the Court determines Mr.
Hardin carried his burden of proof and demonstrated that he is entitled to medical
benefits for evaluation of his alleged injuries, but that he is not entitled to temporary
disability benefits at this time.

 History of Claim

 Mr. Hardin is a fifty-four year-old resident of Henderson County, Tennessee. He
worked for Dewayne' s as a "rack line operator," hanging and manipulating metal parts of
various sizes on a moving production line. He described his work as repetitive and hand-
intensive. For several years prior to the events in question, Mr. Hardin complained of
arthritic pain in his hands and arms. He testified he related these arthritic problems to his
supervisor, John McMullen, for several months prior to the medical treatment at issue in
this case.
1
 Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached as
an Appendix.

 1
 According to the medical records, Mr. Hardin required hospitalization in
September 2014, for renal impairment, dehydration, and Type II diabetes. He also
reported "hand joint pain." The diagnoses of diabetes and hand joint pain continued after
his hospitalization so Mr. Hardin followed up with his primary care physician, Dr. Kevin
Stroup, who recommended an EMG study by Dr. Ronald Bingham in Jackson,
Tennessee.

 On December 29, 2014, Mr. Hardin saw Dr. Bingham and reported a "several year
history of constant severe bilateral hand and foot numbness." (Ex. 7.) The condition in
his hands was "exacerbated ... by general use of [his] hands." !d. The testing revealed
diabetic neuropathy and superimposed bilateral carpal tunnel syndrome and ulnar nerve
neuropathy at the elbows. !d. On cross-examination, Mr. Hardin testified Dr. Bingham
advised him that the nerve findings in his arms were the result of his repetitive work at
Dewayne's. Following the appointment and testing with Dr. Bingham, Mr. Hardin
provided the medical record from the visit to Mr. McMullen and told Mr. McMullen that
his arm conditions were work-related.

 After the testing, Dr. Stroup referred Mr. Hardin to Dr. Harold Antwine, an
orthopedic surgeon in Jackson. In his history to Dr. Antwine on January 6, 2015, Mr.
Hardin reported a "longstanding history of bilateral hand pain." (Ex. 4.) He told Dr.
Antwine he had performed the same job for three years, and that he had pain for two of
those years. Dr. Antwine noted the EMG results and opined that Mr. Hardin may require
surgery for his nerve entrapments. On January 27, 2015, Dr. Antwine recommended a
carpal tunnel release and an ulnar nerve transposition on the right arm. Mr. Hardin
underwent surgery on March 9, 2015.

 On March 3, 2015, Mr. Hardin applied for medical leave at Dewayne's. He
testified that he did not realize that the documents provided him by· Kay Wood, the
Human Resources representative, were Family Medical Leave Act (FMLA) paperwork
rather than workers compensation paperwork. He testified Ms. Wood "acted like she did
not know what he was talking about" when he mentioned reporting his injury to Mr.
McMullen in December 2014. After approval of FMLA leave, De Wayne's placed Mr.
Hardin off work since March 9, 20 15 without pay. When his FMLA expired on June 2,
2015, Dewayne's terminated Mr. Hardin. (Ex. 5.)

 On April 16, 2015, Ms. Wood contacted Mr. Hardin to determine his medical
status. The next day, April 17, 2015, Mr. Hardin went to Dewayne's and completed an
accident report. The report noted he was injured on December 2, 2014, while "hanging
parts." (Ex. 9.) The report further noted he "did not know what to do" in response to the
question, "why was this injury not reported on the date of injury?" !d.

 Dewayne's carrier completed a First Report of Work Injury and provided a panel

 2
of physicians, including Dr. Stroup, in April2015. (Ex. 3.) Mr. Hardin chose Dr. Stroup
from the panel. There is no proof that Dewayne's, or its carrier, ever set an appointment
with Dr. Stroup. The carrier denied the claim, asserting that the alleged injuries did not
arise primarily out of the employment.

 Mr. Hardin filed a Petition for Benefit Determination (PBD) on April 16, 2015,
seeking medical and temporary disability benefits. The parties did not resolve the
disputed issues through mediation, and the Mediation Specialist filed the Dispute
Certification Notice on May 15, 20 15. The Court conducted an Expedited Hearing on
September 3, 2015. Mr. Hardin was the only witness.

 Findings of Fact and Conclusions of Law

 Under the Tennessee Workers' Compensation Law, an injury is accidental "only if
the injury is caused by a specific incident, or set of incidents, arising primarily out of and
in the course and scope of employment, and is identifiable by time and place of
occurrence." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily
out of and in the course and scope of employment' only if it has been shown by a
preponderance of the evidence that the employment contributed more than fifty percent
(50%) in causing the injury, considering all causes[.]" Tenn. Code Ann. § 50-6-
102(13)(B) (2014).

 Dewayne's correctly asserts that Mr. Hardin has not shown his injury arose
primarily out of and in the course and scope of his employment by the medical records in
evidence. The missing element is medical causation because the medical providers failed
to provide a favorable causation opinion. However, the lack of a causation opinion is not
immediately fatal to Mr. Hardin's request for benefits. Enforcing a burden of proving his
injury by a preponderance of the evidence at an Expedited Hearing would yield the
unreasonable result of prohibiting Mr. Hardin from receiving medical care for his
bilateral arm conditions without first securing an expert opinion on medical causation. In
contrast, our Appeals Board described an employee's burden at an Expedited Hearing as
follows:

 [A ]n employee need not prove each and every element of his or her claim
 by a preponderance of the evidence at an expedited hearing to be entitled to
 temporary disability or medical benefits, but must instead present evidence
 sufficient for the trial court to conclude that the employee would likely
 prevail at a hearing on the merits in accordance with the express terms of
 section 50-6-239( d)( 1). A contrary rule would require many injured
 workers to seek out, obtain, and pay for a medical evaluation or treatment
 before his or her employer would have any obligation to provide medical
 benefits. The delays inherent in such an approach, not to mention the cost
 barrier for many workers, would be inconsistent with a fair, expeditious,

 3
 and efficient workers' compensation system. See Tenn. Code Ann. § 4-3-
 1409(b)(2)(A) (2014).

McCord, at *9-10.

 In this case, Mr. Hardin testified he worked in a repetitive job for Dewayne's for
several years. Dewayne's required him to handle, move, and hang metal parts on a
moving line. Dr. Antwine noted that Mr. Hardin performed the same employment duties
for two years. On December 29, 2014, Dr. Bingham diagnosed him with peripheral
neuropathy, likely secondary to his diabetes. However, Dr. Bingham also noted that it
was his "opinion that [Mr. Hardin] is likely suffering from superimposed entrapment of
the median nerve at both wrists and the ulnar nerve at both elbows." (Ex. 7.) At the
Expedited Hearing, Dewayne's counsel elicited testimony from Mr. Hardin regarding
who might have told him his carpal tunnel was work-related. Mr. Hardin responded that
Dr. Bingham told him as much. 2 This bolsters the written opinion of Dr. Bingham that
Mr. Hardin has superimposed entrapment on his diabetic peripheral neuropathy.

 Dewayne's argues that Mr. Hardin's purported delay in reporting any injury is an
indication that the injury is not work-related. In other words, because Mr. Harding had
issues for several years, and elected to apply for FMLA benefits, he tacitly admitted his
condition was not work-related. He only asserted a work-relation by the filing of the PBD
in April 2015. The Court rejects Dewayne's argument. Tennessee Code Annot"ated
section 50-6-20l(b) (2014) provides:

 In those cases where the injuries occur as the result of gradual or
 cumulative events or trauma, .then the injured employee or the injured
 employee's representative shall provide notice of the injury to the employer
 within thirty (30) days after the employee:
 ( 1) Knows or reasonably should know that the employee has suffered a
 work-related injury that has resulted in permanent physical impairment; or
 (2) Is rendered unable to continue to perform the employee's normal work
 activities as the result of the work-related injury and the employee knows or
 reasonably should know that the injury was caused by work-related
 activities.

 Thus, employees who suffer gradually occurring injuries are relieved from the
notice requirement until- they know or reasonably should know that their injury was
caused by their work and that the injury has either impaired them permanently or has
prevented them from performing normal work activities. Banks v. United Parcel Serv.,
Inc., 170 S.W.3d 556, 561 (Tenn. 2005). Additionally, an employee who sustains a
2
 Dewayne's, after Mr. Hardin answered its question, objected to the response as being hearsay. The Court overruled
said objection and noted that Dewayne's counsel solicited Mr. Hardin's response. Notwithstanding, the answer is
not dispositive to the ultimate finding herein, that Mr. Hardin is entitled to further evaluation as to causation.

 4
gradually occurring injury may be unsure of the cause of his injury and therefore relieved
of the notice requirement until a physician confirms the diagnosis. !d. (citing Whirlpool
Corp. v. Nakhoneinh, 69 S.W.3d 164, 169 (Tenn. 2002)).

 In this case, Mr. Hardin testified, without contradiction, that he reported his injury
to Mr. McMullen, his supervisor, on December 29, 2014. Mr. Hardin, suffering from a
gradually occurring injury, need not have reported sooner. By statute and case law, he
was relieved from reporting until he learned of his diagnosis on December 29, 2014, the
date he was diagnosed with carpal tunnel by Dr. Bingham. Likewise, considering the
uncontroverted testimony that Dr. Bingham indicated a work-relation to Mr. Hardin,
December 29, 2014, was also the first time that Mr. Hardin had knowledge of his
diagnosis having a possible relation to his work. Dewayne's concedes that it can show no
prejudice by any alleged late reporting. The Court agrees and finds that Mr. Hardin gave
adequate notice of an injury.

 The Court finds Mr. Hardin credible. Regardless, Dewayne's offered no
countervailing testimony to refute his description of his reporting of the injury to both
Mr. McMullen and Ms. Wood.

 Medical benefits

 When an employee reports an injury, Tennessee law requires an employer to
provide "free of charge to the employee such medical and surgical treatment ... made
reasonably necessary by accident as defined in this chapter[.]" Tenn. Code Ann. § 50-6-
204(a)(l)(A) (2014). "The nature and extent of an employee's injuries, and the issue of
medical causation, usually come to light in the course of treatment of the employee's
injuries." Quaker Oats v. Smith, 574 S.W.2d 45, 48 (Tenn. 1978). Here, having reported
an injury, Mr. Hardin is entitled to evaluation of same. The approved physician might
then opine as to the cause of his condition. Thus, he has yet to present sufficient evidence
from which the Court might conclude he is likely to prevail at a hearing on the merits on
the issue of outstanding medical bills. In the absence of an opinion as to causation, the
Court cannot order payment of any outstanding medical bills for treatment rendered to
Mr. Hardin to date.

 Temporary disability benefits

 Temporary total disability (TTD) is payable to an injured employee who is totally
disabled to work by her injury and while she is recovering as far as the nature of the
injury permits. Cleek v. Wal-Mart Stores, Inc., 19 S.W.3d 770, 776 (Tenn. 2000). Under
Tennessee law, to establish entitlement to temporary total benefits, the employee must
show he was "(1) totally disabled to work by a compensable injury; (2) that there was a
causal connection between the injury and his inability to work; and (3) the duration of
that period of disability." !d.; Jewell v. Cobble Construction and Arcus Restoration, No.

 5
2014-05-003, 2015 TN Work. Comp. App. Bd. LEXIS 1, at *21 (Tenn. Workers' Comp.
App. Bd. Jan. 12, 2015). When an employee demonstrates the ability to return to work or
attains maximum medical improvement, then TTD benefits are terminated. Simpson v.
Satterfield, 564 S.W.2d 953, 955 (Tenn. 1978); Jewell, at 21.

 Temporary partial disability (TPD) refers to the time during which the injured
employee is able to resume some gainful employment but has not yet reached maximum
recovery. Williams v. Saturn Corp., No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS
1032, at *3 (Tenn. Workers' Comp. Panel Nov. 15, 2005). As with TTD, there must be
adequate proof of a causal connection between the injury and the disability for an award
ofTPD.

 To date, Mr. Hardin has not shown by expert medical evidence a causal
connection between his injuries and his inability to work. Although Dewayne' s does not
contest the period of temporary disability or Mr. Hardin's inability to work during that
period, the requirement of causation has yet to be satisfied. Thus, he has yet to present
sufficient evidence from which the Court might conclude he is likely to prevail at a
hearing on the merits on the issue of temporary disability benefits. Mr. Hardin would be
entitled to temporary disability benefits from March 13, 2015, forward and ongoing,
should an authorized treating physician opine a causal connection between his work and
his disability.

IT IS, THEREFORE, ORDERED as follows:

 1. Dewayne's or Accident Fund shall provide Mr. Hardin with medical treatment for
 his injuries as required by Tennessee Code Annotated section 50-6-204 (2014), to
 be initiated by Dewayne's or Accident Fund providing Mr. Hardin with a panel of
 physicians as required by statute to evaluate Mr. Hardin and render an opinion as
 to the causation of his bilateral arm injuries. Dewayne's may again tender the
 original panel to Mr. Hardin or present a new panel for selection of the approved
 provider. Medical bills shall be furnished to Accident Fund by Mr. Hardin or the
 medical providers.

 2. Mr. Hardin's claim for payment of outstanding medical bills is denied at this time.

 3. Mr. Hardin's claim for temporary disability benefits is denied at this time.

 4. This matter is set for a Scheduling Hearing on November 17, 2015, at 9:00 a.m.
 Central Time.

 5. Unless interlocutory appeal of the Expedited Hearing Order is filed,
 compliance with this Order must occur no later than seven business days
 from the date of entry of this Order as required by Tennessee Code
 6 .
 Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured
 Employer must submit confirmation of compliance with this Order to the
 Bureau by email to WCCompliance.Program@tn.gov no later than the
 seventh business day after entry of this Order. Failure to submit the
 necessary confirmation within the period of compliance may result in a
 penalty assessment for non-compliance.

 6. For questions regarding compliance, please contact the Workers' Compensation
 Compliance Unit via email W Compliance. Program c ,tn.gov or by calling (615)
 253-1471 or (615) 532-1309.

 ENTERED this the 2"d day of Oc o

 Judge Allen Philli s
 Court of Workers' Co

Initial Hearing:

 A Scheduling Hearing has been set with Judge Allen Phillips, Court of
Workers' Compensation Claims. You must call 731-422-5263 or toll-free at 855-543-
5038 to participate in the Initial Hearing.

 Please Note: You must call in on the scheduled date/time to
participate. Failure to call in may result in a determination of the issues without
your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

 Tennessee Law allows any party who disagrees with this Expedited Hearing Order
to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of
Appeal, you must:

 1. Complete the enclosed form entitled: '"Expedited Hearing Notice of Appeal."

 2. File the completed form with the Court Clerk within seven business days of the
 date the Workers' Compensation Judge entered the Expedited Hearing Order.

 3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

 7
4. The appealing party is responsible for payment of a filing fee in the amount of
 $75.00. Within ten calendar days after the filing of a notice of appeal, payment
 must be received by check, money order, or credit card payment. Payments can be
 made in person at any Bureau office or by United States mail, hand-delivery, or
 other delivery service. In the alternative, the appealing party may file an Affidavit
 of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing
 fee. The Affidavit of Indigency may be filed contemporaneously with the Notice
 of Appeal or must be filed within ten calendar days thereafter. The Appeals Board
 will consider the Affidavit of Indigency and issue an Order granting or denying
 the request for a waiver of the filing fee as soon thereafter as is
 practicable. Failure to timely pay the filing fee or file the Affidavit of
 Indigency in accordance with this section shall result in dismissal of the
 appeal.

5. The parties, having the responsibility of ensuring a complete record on appeal,
 may request, from the Court Clerk, the audio recording of the hearing for the
 purpose of having a transcript prepared by a licensed court reporter and filing it
 with the Court Clerk within ten calendar days of the filing of the Expedited
 Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of
 the evidence within ten calendar days of the filing of the Expedited Hearing
 Notice of Appeal. The statement of the evidence must convey a complete and
 accurate account of what transpired in the Court of Workers' Compensation
 Claims and must be approved by the workers' compensation judge before the
 record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory
 appeal, the appellant shall file such position statement with the Court Clerk within
 three business days of the expiration of the time to file a transcript or statement of
 the evidence, specifYing the issues presented for review and including any
 argument in support thereof. A party opposing the appeal shall file a response, if
 any, with the Court Clerk within three business days of the filing of the appellant's
 position statement. All position statements pertaining to an appeal of an
 interlocutory order should include: (1) a statement summarizing the facts of the
 case from the evidence admitted during the Expedited Hearing; (2) a statement
 summarizing the disposition of the case as a result of the Expedited Hearing; (3) a
 statement of the issue( s) presented for review; and (4) an argument, citing
 appropriate statutes, case law, or other authority.

 8
 CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the Expedited Hearing Order was
sent to the following recipients by the following methods of service on this the211.<tday of
October, 2015.

 Certified Via Via
 Name Mail Fax Email Service sent to:

Chris Hardin, 110 Rose Lawn Dr.,
Em_Q_loyee X X Lexington, TN 38351
Gordon Aulgar, Esq.
Em_Qloyer's Attorney X Gordon. aulg~r@accidentfund.com

 Penny Shn'r~ Clerk of Court
 Court of Wipfkcrs' Compensation Claims
 WC.CourtCierk@tn.gov

 9
 APPENDIX

Exhibits:
1. Wage Statement
2. First Report of injury, June 17, 2015
3. C42 Panel ofPhysicians
4. Medical Records of Dr. Harold Antwine
5. March 18, 2015 letter from Kay Wood
6. Choice ofPhysicians, April21, 2015
7. Collective Bills from Jackson Madison County General Hospital, West TN Bone
 and Joint, Professional Anesthesia Associates, Bingham EMG Clinics, and Willow
 Emergency Physicians,
8. Medical Records of Dr. Ronald Bingham
9. Application for Family Medical Leave Act.
10. Employee's Injury Report, April 16, 2015
11. Mr. Hardin's Job Description
12. Medical Records of Dr. Stroup

Technical record:
1. Petition for Benefit Determination, June 11, 2015
2. Dispute Certification Notice, July 27, 2015
3. Request for Expedited Hearing, July 27, 2015 3

3 The Court did not consider attachments to Technical Record filings unless admitted into evidence during the
Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as
allegations unless established by the evidence.

 10