The QUAKER OATS COMPANY, Appellant,

v.

Virginia SMITH, Appellee.

Supreme Court of Tennessee.

Dec. 4, 1978.

James P. Diamond, Pierce Winningham, Jr., Jackson, for appellant.

Franklin Murchison, Jackson, for appellee.

## OPINION

COOPER, Justice.

Virginia Smith, an employee of Quaker Oats Company, filed an action in the Chancery Court of Madison County seeking to recover benefits under the Workmen's Com-

pensation Act. In substance, Mrs. Smith alleged that she had fallen on two occasions while performing work assigned to her, and had sustained injuries to her legs and back. She further alleged that in necessary treatment of the injury to her back, she had undergone surgery and was permanently disabled. Quaker Oats denied receiving notice from Mrs. Smith of a work-connected injury to her back, and denied that Mrs. Smith had sustained any disabling injury while in their employ. Quaker Oats also charged that in making application for employment, Mrs. Smith had intentionally given false answers to material questions designed to determine an applicant's true physical condition, and, consequently, that she was barred from recovery of workmen's compensation benefits.

On trying the action, the chancellor found that Mrs. Smith was injured on May 29, 1976, in the course and scope of her employment by the Quaker Oats Company, that the Company "had timely actual notice" of the injury, and that Mrs. Smith was entitled "to receive benefits for and in connection with said accidental injuries." The chancellor concluded that Mrs. Smith had a permanent partial disability of fifty-five percent to the body as a whole as the result of the injury to her back and resultant operation, and awarded benefits accordingly. The chancellor also awarded Mrs. Smith temporary total disability benefits for the period from May 29, 1976, to November 24, 1976, and ordered the Company to pay the medical expenses incurred by Mrs. Smith in securing treatment of her work-connected injuries.

Quaker Oats insists there is no material evidence to support the findings of the chancellor, taking specific issue with the chancellor's findings of accidental injury, notice to the employer, and percentage of permanent disability. Appellant also insists that the undisputed evidence shows that appellee, in making application for employment, intentionally misrepresented her past medical history to the detriment of the appellant, who relied upon the application in employing appellee.

■ In considering assignments directed to the findings of a chancellor in a compensation case, this court does not weigh evidence, nor decide the credibility of witnesses. *General Shale Products Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736 (1957). Our review is limited to a determination of whether there is any material evidence in the record to support the chancellor's findings. If so, we are bound to accept them. *General Shale Prod. Corp. v. Casey, supra; Jones v. Lenoir City Car Works,* 216 Tenn. 351, 392 S.W.2d 671 (1965). *See also White v. Whiteway Pharmacy, Inc.,* 210 Tenn. 449, 360 S.W.2d 12 (1962), wherein this court said in an opinion by Mr. Justice White that:

It is a well settled principle of law in this State that in a Workmen's Compensation Case findings of fact of the trial court will not be disturbed on appeal if supported by any material evidence and this is true even though the preponderance of the evidence is against the finding of the trial court.

Keeping in mind the scope of our review, we find evidence in the record that appellee was employed by appellant in November, 1974. She was given a pre-employment physical examination, in the course of which tests were conducted designed to reveal a serious back condition. These tests were negative. Appellee worked without incident until November 13, 1975, when she fell while cleaning the work area at the plant. The fall was witnessed by two co-workers and was reported by appellee to her immediate supervisors. Appellee developed severe phlebitis in her right leg and, on December 8, 1975, was referred to Dr. Thomas K. Ballard for treatment. Though disputed, appellee testified she told Dr. Ballard that she had had pain in her low back since the fall, and that he told her he could find no evidence of an injury. Treatment of the phlebitis was successful and plaintiff returned to work on January 5, 1975. Quaker Oats is a self-insurer and paid appellee $340.00 for the time lost in treatment of injuries she sustained in the November, 1975, fall. The Company did not have the settlement approved by the trial court.

Appellee testified that on May 29, 1976, she fell a second time while performing "cleaning" duties assigned her by appellant—this time, appellee was cleaning a freezer and was working alone. Appellee left the next day on vacation, travelling by airplane to California. Almost immediately on arriving at her destination, she was treated medically for an injury to her left leg, which had developed phlebitis. On her return to Jackson two weeks later, appellee again was treated by Dr. Ballard.

Appellee testified that as soon as she returned to work from her vacation, she orally reported her fall and injury to her supervisor, and later to Mrs. Peggy Smith, the benefits supervisor for Quaker Oats. The Company filed a report of injury dated June 30, 1975, with the Department of Labor of the State of Tennessee.

Again, though disputed, appellee insists she informed Dr. Ballard that she had injured her back in a second fall. And, on August 10, 1976, Dr. Ballard referred appellee to Dr. H. G. Barnett, a neurosurgeon, who determined that appellee was suffering from "an L-4 disc herniation." Appellee underwent surgery and, as a result, has an anatomical disability which Dr. Barnett rates at fifteen percent to the body as a whole. The disability is permanent.

On the issue of notice, appellant argues that it never was given notice that appellee had sustained an injury to her back in either of the two falls—that notice of accidental injury, when and if given, was limited to notice of injury to appellee's legs. Predicated on this, appellant insists that appellee is not entitled to recover benefits for disability from a back injury. This argument overlooks the fact that appellee testified that she told both Dr. Ballard and Mrs. Peggy Smith that she had injured her back in the falls. But, even without this knowledge by appellant, we know of no requirement that an employee give notice of each of several injuries he received in an on-the-job accident. He is in compliance with the statutory requirement of notice if he notifies his employer of the accident and the fact that he has suffered an injury.

The nature and extent of the employee's injuries, and the issue of medical causation, usually come to light in the course of treatment of the employee's injuries.

Appellant also argues that the chancellor's finding of medical causation and the extent of appellee's permanent disability are not supported by material evidence. On these issues, Dr. Barnett expressed the opinion that the work-related falls caused or aggravated appellee's back condition. He also expressed the opinion that the anatomical disability of fifteen percent would limit appellee stooping, bending, standing for a long period of time, and lifting objects weighing over twenty-five pounds. These activities are common to unskilled labor. An inability to perform these activities, of necessity, greatly limits job opportunities open to a workman, such as appellee, who has a limited education and whose only work experience has been that of an unskilled laborer. On considering the anatomical disability, its limitation on appellee's activities, and her limited and work experience, the chancellor concluded that appellee has a permanent partial disability of fifty-five percent to the body as a whole as the result of the back injury sustained by her in the fall on May 29, 1976. His conclusion is supported by material evidence and is binding on this court.

Citing testimony that appellant had a degenerative disc disease that develops over a period of years, and that appellant had had "flare-ups" of back trouble before employed by Quaker Oaks, appellant insists that appellee misrepresented her physical condition in making application for employment and, consequently, can not recover workmen's compensation benefits.

In *Federal Copper & Aluminum Company v. Dickey*, 493 S.W.2d 463 (Tenn. 1973), this court held that three factors must be present before a false statement in an employment application will bar recovery of workmen's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to his physical condition. Second, the em-

ployer must have relied upon a false representation and this reliance must have been a substantial factor in the hiring. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. *See Federal Copper & Aluminum Company v. Dickey, supra.* Except in the most obvious cases, such causation must be established by expert medical testimony. *Cf. Floyd v. Tennessee Dickel Company,* 225 Tenn. 65, 463 S.W.2d 684 (1971).

■ The chancellor did not go into detail as to which factor was missing in rejecting the contention of appellant. However, there is evidence that appellee had not had any "back trouble" for several years before her employment by Quaker Oats Company, which would support a finding that appellee did not knowingly and wilfully misrepresent her physical condition. Further, there is evidence that appellee was required to undergo a pre-employment physical examination by Quaker Oats Company, which revealed no "back trouble." This latter evidence would support a finding that Quaker Oats did not rely solely upon the medical history given by appellee in making application for employment, but relied upon the medical examination. The absence of either of these factors supports the chancellor's finding that appellee was entitled "to receive benefits for and in connection with said accidental injuries."

Decree affirmed. Costs incident to the appeal are adjudged against the appellant.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.