FILED

**October 19, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:54 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Jared Shannon, | ) | **Docket No.: 2015-06-0052** |
|       **Employee,** | ) | |
| v. | ) | **State File Number: 88045-2014** |
| **United Parcel Service, Inc.,** | ) | |
|       **Employer,** | ) | **Chief Judge Kenneth M. Switzer** |
| **And** | ) | |
| **Liberty Mutual Insurance Company,** | ) | |
|       **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Jared Shannon, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Mr. Shannon's entitlement to a panel of physicians. The central legal issues are the adequacy of Mr. Shannon's notice, whether the alleged injury arose primarily out of and in the course and scope of employment with UPS, and whether UPS is obligated to provide a panel. For the reasons set forth below, the Court finds Mr. Shannon gave legally-sufficient notice of an alleged work-related injury. However, at this time, he has not come forward with sufficient proof that he is likely to prevail at a hearing on the merits regarding the work-relatedness of the injury; therefore, his request for medical benefits (a panel) is denied.[1]

### History of Claim

Mr. Shannon is a twenty-four-year-old resident of Davidson County, Tennessee. (T.R. 1 at 1.) He alleged that, on July 31, 2014, while working as a supervisor for UPS, he injured his right arm and shoulder. *Id.* Specifically, he "was breaking jammed packages and moving boxes when my right arm extended and pushed behind me." (Ex. 2 at 1.)

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Mr. Shannon testified he reported the injury immediately afterward to part-time supervisor Chase Campbell, and that on August 1, 2014, he reported it to his regular supervisor, Joe Paul Tackett, and the safety supervisor, Lindiwee Phipps. *Id.* UPS countered that Mr. Shannon maintained in the discussions with Mr. Tackett and Ms. Phipps that his injury was not work-related, but rather, his shoulder hurt as a result of injuries sustained in a motor vehicle accident three months earlier.

Specifically, UPS offered the testimony of Leonard Wall, supervisor for Mr. Shannon's shift, the "twilight sort," as well as memoranda (Exs. 5, 6.) from Eric Ingalls and Mr. Wall, respectively. The memoranda indicated that Mr. Shannon told them the injury stemmed from the automobile accident three months earlier, rather than breaking the jam on July 31, 2014. Mr. Shannon conceded at the hearing that he sustained injuries in a car accident on May 13, 2013, but stated he did not injure his right shoulder.[2] He denied previous injury to his right shoulder and insisted that the first treatment on the shoulder occurred the day after the work injury.

UPS contended the first notice it received of Mr. Shannon alleging his injuries as work-related was correspondence dated October 28, 2014, from Mr. Shannon's attorney. (Ex. 8.) UPS denied the claim twenty-eight days later on November 25, 2014, concluding, "No medical evidence to support a work injury." (Ex. 4.)[3]

Mr. Shannon went to the Skyline Medical Center emergency room on the morning of August 1, 2014, where Dr. Todd Arkava diagnosed "sprain shoulder/arm NOS" and "accident N.O.S." (Ex. 1 at 9.) The records classified the injury as non-work-related, but stated, "Pt states 'I was at work slinging boxes when my shoulder started hurting.'" *Id.* at 15. Mr. Shannon testified that Skyline referred him to The Hand Care Center.

Mr. Shannon saw providers at The Hand Care Center for approximately six months, beginning with Jeff Tinker, PA-C on August 13, 2014. At that visit, PA-C Tinker noted the following history: "[P]atient states that he injured his right shoulder at work 3 months ago. He states that he reached for a box on a conveyor belt and his right arm was pulled backwards. . . . The symptoms have been present for 3 months." *Id.* at 34. Mr. Shannon returned on August 19, 2014, which record listed the history as, "[P]atient states that the initial injury to his right shoulder was from an MVA three months ago. He states that it has gotten worse since he reinjured it moving boxes on a conveyor belt on 7/31/14.. [sic] . . . The symptoms have been present for 3 months." *Id.* at 38. Mr. Shannon testified that he never told providers at The Hand Care Center that he

---

[2] The Court presumes Mr. Shannon meant 2014. Mr. Shannon testified that he injured his knees, back and neck in the accident. The medical records admitted into evidence, Exhibit 1, only contain notes relative to treatment of the alleged work injury; neither party introduced records regarding Mr. Shannon's post-automobile accident treatment.

[3] UPS offered no evidence of its claim investigation and, in particular, how it determined on November 25, 2014, that the medical evidence failed to support a work injury, given that Dr. Haslam rendered his explicit finding of no medical causation more than a month later, on January 6, 2015.

sustained the right-shoulder injury in a motor vehicle accident, and that its records are incorrect.

Dr. Jason Haslam of The Hand Care Center performed right-shoulder arthroscopic surgery with subacromial decompression and distal clavicle excision with excision of os acromiale on October 21, 2014.[4] (Ex. 1 at 67-68.) Dr. Haslam subsequently noted on January 6, 2015, "It is my opinion that this is not a work-related injury given his his [sic] initial intake form and history." (Ex. 1 at 73.) The initial intake form is not included in the medical records admitted into evidence at the Expedited Hearing, and the attorneys informed the Court that they had not seen it.

Mr. Shannon filed a Petition for Benefit Determination seeking medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Shannon filed an amended Request for Expedited Hearing, and this Court heard the matter on October 14, 2015.

At the Expedited Hearing, Mr. Shannon asserted he provided adequate, timely notice of the injury in conversations with Chase Campbell, Lindiwee Phipps, Joe Paul Tackett, Eric Ingalls and Mr. Wall. He argued the provision of notice of an injury, under the Workers' Compensation Law, provides him an "absolute right" to a panel of physicians to evaluate his injury and provide a causation opinion. Dr. Haslam's causation opinion is not entitled to any presumption of correctness.

UPS maintained that Mr. Shannon gave notice of an "incident," but failed to give notice of a work-related injury. UPS argued it relied on Mr. Shannon's representations to multiple persons, all of whom are trained regarding procedures in workers' compensation, that the injuries stemmed from the car accident three months prior to the alleged date of injury. Further, because Mr. Shannon's own medical provider opined the injury is not work-related, UPS contended he is not entitled to medical benefits.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[5] *Scott v. Integrity Staffing*

---

[4] UPS additionally argued that Mr. Shannon's alleged injury is not causally related to his work at UPS because "os acromiale" is a congenital shoulder condition. However, UPS introduced no expert medical evidence to explain its assertion and substantiate its theory of causation. Therefore, at this time the Court rejects it.

[5] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-

*Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

The Court turns first to the issue of notice, as it is potentially dispositive. The controlling statute, Tennessee Code Annotated section 50-6-201(a)(1) (2015), provides in pertinent part that:

> Every injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury . . . *unless it can be shown that the employer had actual knowledge of the accident.* (Emphasis added.)

"It is significant that written notice is unnecessary in those situations where the employer has actual knowledge of the injury." *Earls v. Calsonic Yorozu Corp.,* No. M2002-01309-WC-R3-CV, 2003 Tenn. LEXIS 732, at \*6 (Tenn. Workers' Comp. Panel Aug. 26, 2003) (citing *George v. Building Materials Corp.,* 44 S.W.3d 481, 485 at n.1 (Tenn. 2001)).

The notice requirement contained in section 50-6-201 "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Jones v. Sterling Last Corp.,* 962 S.W.2d 469, 471 (Tenn. 1998); *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at \*15 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). Consequently, "the giving of statutory notice to the employer is an absolute prerequisite to the right of an employee to recover compensation under the workers' compensation law." *Bogus v. Manpower Temp. Serv.,* 823 S.W.2d 544, 546 (Tenn. 1992). When lack of notice is raised as a defense, the burden is on the employee to show that notice was given, the employer had actual notice, or the failure to give notice was reasonable under the circumstances. Tenn. Code Ann. § 50-6-201(a)(1) (2014); *Jones,* 962 S.W.2d at 472.

Applying these principles, the Court concludes that Mr. Shannon provided verbal notice of a work-related incident resulting in injury, based on his testimony and the memoranda UPS generated from Mr. Wall and Mr. Ingalls relative to its investigation

---

July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, \*13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

(Exs. 5, 6). Mr. Shannon satisfied his burden to show that UPS had actual notice. The Court is unpersuaded by UPS' argument that Mr. Shannon gave notice of an "incident" but not a "work-related injury." The plain language of the statute merely requires notice of an "injury," which Mr. Shannon gave, according to UPS' own documents. Moreover, the level of UPS' employees' training in workers' compensation is not relevant to the question of whether or not the incident is work-related. They knew an incident resulting in injury to Mr. Shannon took place at work. Whether the resulting need for treatment came from the injury requires a medical opinion.

Having given legally-sufficient notice, Mr. Shannon argued the statute provides an "absolute right" to medical benefits, and in particular, a panel of physicians. Mr. Shannon cited *Hardin v. Dewayne's Quality Metals,* No. 2015-07-0067, 2015 TN Wrk. Comp. LEXIS 70 (Tenn. Ct. Workers' Comp. Oct. 2, 2015), as authority for this proposition. The Court disagrees on two bases.[6]

First, in *Hardin,* the Court ordered the employer to provide a panel of physicians upon finding that the employee gave adequate notice of an injury. *Id.* at *9-11. In *Hardin,* unauthorized treatment had already occurred, but, other than the employee's testimony that the physician told him the injury was work-related, the evidence indicated that the physician had not rendered a causation opinion. The trial court ordered a panel to evaluate and treat the employee, and to provide a causation opinion. In Mr. Shannon's case, all of those activities occurred before the Expedited Hearing. In *Quaker Oats v. Smith,* 574 S.W.2d 45, 48 (Tenn. 1978), the Supreme Court held, "The nature and extent of an employee's injuries, and the issue of medical causation, usually come to light in the course of treatment of the employee's injuries." The nature and extent of Mr. Shannon's injuries, and medical causation, have already come to light over the course of six months' treatment with Dr. Haslam.

Second, in *McCord,* the employee argued that notice of an alleged workplace accident, in and of itself, was sufficient to trigger an employer's duty to provide medical benefits. *McCord, supra* at *10. The Appeals Board disagreed, concluding:

> The statute and rules contemplate that an employer has an initial period of time following receipt of notice of a work accident, not to exceed fifteen days, within which it must investigate a claim and make a preliminary decision on compensability. Adopting Employee's approach would require an employer to provide medical benefits without regard to the particular circumstances of the case and regardless of any defenses to the claim, effectively making these rules superfluous. Moreover, an inflexible approach mandating that an employer provide medical benefits as a matter of course ignores the fact that every case is different and should be evaluated on its own merits.

---

[6] *Hardin,* as a trial court opinion, bears only persuasive value upon this Court.

*Id.* at *12.

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent in causing the need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(13)(C) (2014). Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship between the claimed injury and the employment activity. *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991).

In this case, the parties do not dispute that Mr. Shannon was "breaking a jam" on a conveyor belt, resulting in pain to his right shoulder. Mr. Shannon reported the injury occurred at work to providers at both Skyline and The Hand Care Center. Where the parties disagree is whether the right-shoulder pain resulted primarily from the incident at work, or if the work incident merely aggravated pain from injuries sustained in the car accident. Mr. Shannon's injury is not "obvious, simple or routine;" thus the Court looks to the expert medical evidence regarding causation.

The records from both Skyline and The Hand Care Center contain inconsistencies. Skyline classified the injury as non-work related, but also noted, "Pt states 'I was at work slinging boxes when my shoulder started hurting.'" At The Hand Care Center, history from Mr. Shannon's first visit states, "[P]atient states that he injured his right shoulder at work 3 months ago. He states that he reached for a box on a conveyor belt and his right arm was pulled backwards." However, notes from the next visit indicate, "[P]atient states that the initial injury to his right shoulder was from an MVA three months ago. He states that it has gotten worse since he reinjured it moving boxes on a conveyor belt on 7/31/14." It is unnecessary for the court to reach a conclusion regarding causation solely on these inconsistent medical records.

However, considering the records in conjunction with Dr. Haslam's causation opinion, the evidence presently weighs in UPS' favor. Specifically, in his note of January 6, 2015, Dr. Haslam concluded, "It is my opinion that this is not a work-related injury given his . . . initial intake form and history." Mr. Shannon correctly argued that Dr. Haslam's opinion, given his status as an unauthorized provider, is not entitled to a presumption of correctness. *See* Tenn. Code Ann. § 50-6-102 (13)(E) (2015). However, that does not mean his opinion is entitled to no weight at all. Indeed, the court places significant weight upon Dr. Haslam's opinion at this stage of the case, given that, upon the present record, he treated Mr. Shannon on six occasions over the course of six months, and he provided the only medical opinion in the record. Significantly, Mr.

6

Shannon introduced no medical evidence to contradict Dr. Haslam's opinion. The Court concludes that, at this time, Mr. Shannon has not come forward with sufficient evidence from which this Court may conclude that he is likely to prevail at a hearing on the merits regarding his entitlement to medical benefits.

As a final matter, the Tennessee Workers' Compensation Appeals Board reminded the parties in *McCord, supra* at *11-12, that the Bureau's rules set forth "Claims Handling Standards," which require that decisions on workers' compensation coverage and compensability "shall be made within fifteen (15) days of verbal or written notice of accident." Tenn. Comp. R. & Regs., 0800-2-14-.04(7) (2015). Stated another way, "The statute and rules contemplate that an employer has an initial period of time following receipt of notice of a work accident, not to exceed fifteen days, within which it must investigate a claim and make a preliminary decision on compensability." *McCord, supra* at *12. In the case at bar, UPS argued — and this Court rejected — that it received notice of the injury on October 28, 2014. Even assuming this were correct, UPS made a decision on compensability well beyond the fifteen-day timeframe for its investigation.

The "Claims Handling Standards" provide that, "In addition to other penalties provided by applicable law and regulation, violations of any of the above rules shall be subject to enforcement by Commissioner of the Tennessee Department of Labor pursuant to TCA § 50-6-419(c)." Tenn. Comp R. & Regs., 0800-2-14-.08(1) (2015). Upon its issuance, a copy of this Order will be provided to the Penalty Program. *See* Tenn. Comp. R. & Regs., 0800-02-24-.03 (2015) ("In addition to referrals made by a workers' compensation judge, any [Bureau] employee may refer any person or entity to the penalty program for the assessment of a civil penalty whenever the referring employee believes that there may have been a violation of the [Bureau's] rules or the Tennessee Workers' Compensation Act."). The Court reasonably believes there might have been a violation of the Bureau's rules.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Shannon's requested medical benefit, a panel, is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on December 1, 2015, at 10:45 a.m. Central time.

**ENTERED this the 19th day of October, 2015.**

**Chief Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

7

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2.  File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3.  Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4.  The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:

1. Medical records of Jared Shannon, jointly submitted, September 30, 2015
2. Affidavit of Jared Shannon, June 26, 2015-Ex. 2
3. First Report of Injury, Nov. 5, 2015
4. Form C-23, Notice of Denial, Nov. 25, 2014
5. Memo to Liberty Mutual from Eric Ingalls, November 13, 2014
6. Memo from Leonard Wall to Brian Welker, November 14, 2014
7. ISO ClaimSearch Match Report Summary
8. Letter from Mr. Shannon's Counsel's Paralegal to UPS, October 28, 2014.

Technical record:[i]

1. Petition for Benefit Determination, February 5, 2015
2. Employee's position statement, February 5, 2015, without attachments
3. Employer's position statement, dated February 25, 2015, filed June 9, 2015, without attachments
4. Dispute Certification Notice, March 31, 2015
5. Request for Expedited Hearing (Amended to include an affidavit), June 26, 2015
6. Joint Filing of Pre-Compensation Hearing Statement, Oct. 1, 2015
7. Employee's Pre-Hearing Brief, October 5, 2015.

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Medical Benefits was sent to the following recipients by the following methods of service on this the 19th day of October, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Julie Reasonover, Employee's Counsel | | | X | Julie@jstillman.com |
| David Hooper, Employer's Counsel | | | X | dhooper@hooperzinn.com |
| Penalty Program | | | X | WCCompliance.Program@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov