**FILED**

**November 12, 2015**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 3:09 PM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| **KATHY SMITH** ) | **Docket No.: 2015-02-0112** |
| **Employee,** ) | |
| **v.** ) | **State File Number: 2600/2015** |
| **MOUNTAIN EMPIRE OIL** ) | |
| **Employer,** ) | **Judge Brian K. Addington** |
| **And** ) | |
| **HDI-GERLING AMERICAN** ) | |
| **Insurance Carrier.** ) | |
| ) | |

## AMENDED EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the Employee, Kathy Smith, on May 5, 2015. The present focus of this case is the compensability of Ms. Smith's alleged mental injury. The central legal issue is whether Ms. Smith is entitled to psychiatric treatment as recommended by her authorized providers. For the reasons set forth below, the Court finds Ms. Smith is entitled to the requested relief.[1]

### History of Claim

Ms. Smith is a forty-nine-year-old resident of Greene County, Tennessee. (T.R. 1 at 1.) Ms. Smith works as a cashier for Mountain Empire Oil (Empire) and suffered physical injuries as a result of a criminal attack at work on January 10, 2015. (Ex. 2.) Prior to the alleged injury addressed by this Order, Ms. Smith suffered depression and generalized anxiety. (Ex. 5 at 3.)

Following the attack at work, Empire provided emergency medical treatment. It provided treatment beginning on January 30, 2015, with Dr. Michael Dew, a neurologist. (Ex. 7 at 33.) Following his examination, Dr. Dew assessed headache and post-concussion syndrome. *Id.* at 36. By April 2, 2015, Ms. Smith's headaches began to

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

diminish. *Id.* at 25.

On April 30, 2015, Ms. Smith attended a second opinion examination with Dr. Steven Graham at the request of Empire's workers' compensation carrier. (Ex. 5 at 5.) Dr. Graham noted Ms. Smith suffered depression and anxiety prior to the attack at work. *Id.* at 3. He noted Ms. Smith continued to suffer headaches and PTSD symptoms. *Id.* His impression was post-traumatic headaches due to the assault at work and significant issues with PTSD. *Id.* at 4. Dr. Graham recommended gabapentin and a psychological or psychiatric evaluation to help Ms. Smith with her PTSD symptoms. *Id.*

Ms. Smith returned to Dr. Dew on May 6, 2015, for a follow-up examination. (Ex. 7 at 21.) Dr. Dew determined Ms. Smith had a stable neurologic exam, but continued to suffer headaches. *Id.* at 23. Dr. Dew thought it reasonable to recommend psychological or cognitive behavioral therapy. *Id.*

Following the recommendation of Drs. Graham and Dew, Empire provided Ms. Smith a panel of psychiatrists. (Ex. 4 at 2.) Ms. Smith chose Dr. John Thurman. *Id.* Dr. Dew was under the impression "seeing psychiatry" had been approved following Ms. Smith's appointment on July 8, 2015. (Ex. 7 at 15.)

However, Empire did not set an appointment with Dr. Thurman. It determined that Ms. Smith suffered pre-existing conditions of depression and anxiety. (Ex. 6 Catherine Raft at 10, 15, and Frontier Health at 2.)

Dr. Dew confirmed on August 27, 2015, Ms. Smith was still unable to work due to her injury until her mental issues resolved. (Ex. 7 at 12.) The parties took Dr. Dew's deposition later that day. (Ex. 7 at 1-8.) Dr. Dew acknowledged Ms. Smith suffered pre-existing depression and anxiety and her symptoms from these would wax and wane. *Id.* at 6-7. He confirmed that, although he was not a psychiatrist, he believed Ms. Smith suffered psychiatric problems as a result of the assault and would benefit from psychiatric treatment. *Id.* at 4-6. Dr. Dew confirmed Ms. Smith was stable from a neurological standpoint. *Id.* at 5.

Empire continued to refuse to set an appointment with Dr. Thurman following Dr. Dew's deposition.

Marie Morrison, an employee at Empire subpoenaed to testify by Empire, testified Ms. Smith did her job well until the assault at work. She was also Ms. Smith's landlord, but Ms. Smith was not honest with her about rent money, so she terminated the rental agreement. Ms. Morrison further testified Ms. Smith was not honest about her identification to a rental clerk.

Ms. Smith filed a Petition for Benefit Determination seeking medical and

2

temporary disability benefits. (T.R. 1 at 1.) She receives temporary disability benefits, so the only issue remaining is medical benefits. The parties did not resolve the disputed issue through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Smith filed a Request for Expedited Hearing. (T.R. 3.) This Court heard the matter on October 30, 2016.

Ms. Smith asserted that she was entitled to an appointment with Dr. Thurman because both the authorized treating physician and Empire's second opinion physician have recommended psychiatric treatment. Ms. Smith would benefit from an evaluation as recommended by these doctors because she is stable from a neurological standpoint. Ms. Smith was able to work without problem or issue prior to the alleged assault even though she suffered pre-existing depression and anxiety.

Empire argued that Ms. Smith has not fully revealed the level of her pre-existing conditions with her providers or to Empire when it questioned her about prior conditions. She suffered long-standing depression and anxiety issues, and Dr. Dew is not qualified to determine whether the assault at work aggravated these conditions. The medical records do not indicate Ms. Smith suffered mental issues until months after the assault at work. Empire's impeachment witness shows Ms. Smith is not always honest in her dealings with others.

### Findings of Fact and Conclusions of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

To be compensable under the Workers' Compensation Law, an injury, including a mental injury, must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). Arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.,* 938 S.W.2d 690, 692 (Tenn. 1997); *Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.,* 163 S.W.3d 673, 678 (Tenn. 2005). Put another way, the element of causation is satisfied when the "injury has a rational, causal connection to the work." *Braden v. Sears, Roebuck & Co.,* 833 S.W.2d 496, 498 (Tenn. 1992). Aggravation of a pre-existing disease or condition is compensable, if the aggravation arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13)(A).

Although Dr. Dew is not a psychiatrist or psychologist, he believes Ms. Smith would benefit from psychiatric treatment and recommended a psychiatric evaluation.

According to Tennessee Code section Annotated 50-6-204(h), all psychological and psychiatric services are available but limited to those ordered upon referral from a panel physician. In other words, for an employee to get psychological or psychiatric treatment, a panel physician must make such referral. Empire argued that Ms. Smith's mental symptoms did not appear until months after the assault, and, therefore, are not related to the physical assault at work. However, the full extent of injuries and the issue of medical causation may manifest themselves much later on during treatment. *Quaker Oats Co. v. Smith,* 574 S.W.2d 45, 48 (Tenn. 1978).

The Court notes there are some inconsistencies in Ms. Smith's complaints and her history of pre-existing conditions. However, the Court observed Ms. Smith during her testimony and the testimony of the impeachment witness. It appears to the Court the reason for Ms. Smith's inconsistencies is her forgetfulness and her emotional state, and is not an attempt to hide prior conditions.

The Court finds that Ms. Smith has proven that her authorized physician recommended psychiatric treatment as a result of the assault at work. Therefore, she has come forward with sufficient evidence from which this Court can conclude that she is likely to prevail at a hearing on the merits. Empire shall schedule an appointment with Dr. Thurman. He must determine whether Ms. Smith suffered a new mental injury or an aggravation of her prior condition as a result of the assault.

**IT IS, THEREFORE, ORDERED** as follows:

1. Empire, or its workers' compensation carrier, shall schedule an appointment with

Dr. John Thurman, and continue to provide medical treatment that Dr. Thurman opines is causally related to Ms. Smith's work injury.

2. This matter is set for an Initial (Scheduling) Hearing on January 13, 2016, at 2:30 p.m. Eastern time.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 12th day of November, 2015.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an

6

interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits</u>:
1. Affidavit dated May 11, 2015: Ms. Smith
2. Affidavit dated June 3, 2015: Ms. Smith
3. Affidavit dated October 15, 2015: Ms. Smith
4. Letter Confirming Panel Choice and Panel of Physician Form
5. Medical Records: Dr. Steven Graham
6. Collective Medical Records
7. Deposition and Medical Records: Dr. Michael Dew


<u>Technical record</u>:[3]
1. Petition for Benefit Determination, May 5, 2015
2. Dispute Certification Notice, June 18, 2015
3. Request for Expedited Hearing, September 28, 2015

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 12th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email/Mail Address |
|------|---------------|------------------|---------|-----------|-----------|--------------------|
| Miller, Esq. | | | | | X | dmillerlaw@embarq.com |
| Morrison, Esq. | | | | | X | abmorrison@mijs.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9