**FILED**
**Nov 12, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Maikel Reazkallah,** | ) | **Docket No. 2018-06-2210** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Imperial Guard & Detective Service,** | ) | **State File No. 80107-2018** |
| **Inc.,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **Zurich American Insurance Company,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

---

The Court held an expedited hearing on November 7, 2019. Maikel Reazkallah seeks treatment for his legs and temporary partial disability benefits from his former employer, Imperial Guard & Detective Service. The Court finds he failed to satisfy his burden of proof on both issues and denies the requested relief at this time.

### History of Claim

This is Mr. Reazkallah's second expedited hearing in this case.[1] On April 21, 2018, Mr. Reazkallah was assaulted while working for Imperial as a security guard. Imperial provided authorized treatment with Dr. Michael Ladouceur.

The parties dispute the extent of his injuries from the assault. Mr. Reazkallah testified that the assailant hurt both legs and that a video of the incident shows this, but he did not introduce the video into evidence. He also stated that he reported pain in both legs at his last visit with Dr. Ladouceur, but the doctor said he was authorized only to treat his left knee.

---

[1] The Court previously ordered Imperial to pay a medical bill from Doverside Emergency Physicians, LLC. The bill remains unpaid. Mr. Reazkallah must inform the provider to bill the carrier, Zurich American Insurance Company.

1

At the previous expedited hearing, Mr. Reazkallah testified that he injured his right hand and left knee during the altercation. He made no mention of an injury to his right leg. At a later discovery deposition, Mr. Reazkallah testified that he was hit in the face and head, and that the assailant bit his hand. He also stated the assailant "start[ed] hitting me in the leg," but he did not specify which leg. He said the emergency providers treated his hand, head and "leg." The Court carefully reviewed the deposition for any references to a right-leg injury and found none.

According to the medical records, he reported that he "struck his left knee" to emergency providers, who noted "[m]ild pain with range of motion of the left knee where there is an abrasion . . . otherwise his extremities have no tenderness or deformity or other sign of trauma." They x-rayed the left knee only and diagnosed a left-knee sprain. Dr. Jacob Radford completed an April 21, 2018 Return to Work Form with restrictions to the "left leg." Mr. Reazkallah did not introduce Dr. Ladouceur's records other than forms placing restrictions.

Regarding his request for temporary partial disability benefits, Mr. Reazkallah introduced a Work Status Form from Advanced Ortho and Spine dated October 23, 2019, that recommends he stand for fifty minutes and sit for ten minutes every hour. Per the previous Expedited Hearing Order, Imperial terminated Mr. Reazkallah in May 2018, and Mr. Reazkallah agreed that events leading to his dismissal were unrelated to his workers' compensation claim.

Mr. Reazkallah now works for Allied Universal Security and Rock Solid. He testified that his pay rate changes depending on where Allied assigns him, but he offered no documentary proof of his wages. Mr. Reazkallah stated that before receiving restrictions, he worked eighty hours per week but now works approximately forty hours weekly. He also said that physical therapy limited his assignments and resulted in him earning less money.

Imperial argued that the only evidence that Mr. Reazkallah injured his right leg in the assault is his recent testimony. It further contended that his termination was for cause, and that, but for the termination, it would have accommodated Mr. Reazkallah's restrictions. Imperial raised the termination defense in closing argument and offered no testimony on this issue.

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Reazkallah must present sufficient evidence to prove he would likely prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019).

To receive medical benefits, Mr. Reazkallah must show that he suffered a right-leg

2

injury arising primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14). As the Supreme Court stated, "[t]he nature and extent of the employee's injuries, and the issue of medical causation, usually come to light in the course of treatment of the employee's injuries." *Quaker Oats Co. v. Smith*, 574 S.W.2d 45, 48 (Tenn. 1978).

Here, Mr. Reazkallah suffered an injury on April 21, 2018, and sought treatment that same day. He did not report an injury to his right leg. Dr. Radford examined Mr. Reazkallah and diagnosed mild pain with range of motion in his left knee but noted "no tenderness or deformity or other sign of trauma" in any of his other extremities. Mr. Reazkallah also did not testify to right-leg pain at the previous expedited hearing.

At the present hearing, he testified that the right leg needs treatment but did not introduce any medical records documenting complaints of pain or other symptoms. Mr. Reazkallah claimed that a video of the assault would show he injured both legs, but he did not introduce it.

In sum, the only proof the Court has that he injured his right leg is Mr. Reazkallah's testimony. The Court finds his testimony insufficient to succeed at a hearing on the merits in proving a right-leg injury in light of the dearth of evidence supporting this assertion in the medical records and lack of testimony alleging this injury at the previous expedited hearing. His request for treatment of the right leg is denied.

Mr. Reazkallah also requested temporary partial disability benefits. Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Hackney v. Integrity Staffing Solutions, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *11 (July 22, 2016). In all cases of temporary partial disability, the compensation shall be sixty-six and two-thirds percent of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition. Tenn. Code Ann. § 50-6-207(2)(A).

Mr. Reazkallah's only evidence on this issue was his testimony about his reduced earnings. He testified about varying hourly rates depending on his assignments, that he has missed work at times due to physical therapy, and that his recent restrictions keep him from working as much as before. But he did not provide specifics about how much he earned before or after the injury. He also introduced no wage stubs or other documentary proof demonstrating a wage reduction. Further, he agreed at the previous expedited hearing that his work injury was unrelated to Imperial's decision to terminate him. For these reasons, the Court holds Mr. Reazkallah would not likely prevail at a hearing on the merits on this issue and denies this request at this time.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Mr. Reazkallah's requested relief is denied.

2. This case is set for a status hearing on **January 28, 2020, at 10:00 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call might result in a determination of issues without your participation.

**ENTERED November 12, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit, March 25, 2019
2. First Report of Injury
3. Medical records
4. Affidavit, September 12, 2019
5. Work Status Form
6. Mr. Reazkallah's deposition transcript
7. Work Status Form, September 4, 2019
8. Work Status Form, October 23, 2019

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, April 1, 2019
4. Expedited Hearing Order
5. Scheduling Hearing Order
6. Request for Expedited Hearing, September 12, 2019
7. Status Conference Order

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on November 12, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Maikel Reazkallah, Employee | X | X | 456 Cedar Park Circle LaVergne TN 37086 Maikel.reazkallah@yahoo.com |
| David Weatherman, Employer's Attorney | | X | David.Weatherman@zurichna.com; Christi.thomas@zurichna.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____
**Employee**

v.

_____
**Employer**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

### Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

**Appellee's Address:** _____

**Appellee's Phone:** _____ Email: _____

**Attorney's Name:** _____ BPR#: _____

**Attorney's Address:** _____ Phone: _____

**Attorney's City, State & Zip code:** _____

**Attorney's Email:** _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                          RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month        Medical/Dental  $ _____ per month

Groceries          $ _____ per month        Telephone       $ _____ per month

Electricity        $ _____ per month        School Supplies $ _____ per month

Water              $ _____ per month        Clothing        $ _____ per month

Gas                $ _____ per month        Child Care      $ _____ per month

Transportation     $ _____ per month        Child Support   $ _____ per month

Car                $ _____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile               $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                    $ _____        (FMV) _____

Other                    $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____             _____

_____             _____

_____             _____

_____             _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082